**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel W. DURAN, Defendant–Appellant.**

**No. 93–30263.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1994.

Decided Oct. 7, 1994.

Nancy Bergeson, Asst. Federal Public Defender, Eugene, OR, for defendant-appellant.

Fred N. Weinhouse, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: ALARCON, NORRIS, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

Daniel Duran appeals his sentence for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). He claims the district court erred by imposing an enhancement for reckless endangerment when no nexus existed between the crime for which he was convicted and his reckless behavior. Duran also claims that the district court erred by stating insufficient or improper reasons for its sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## FACTS AND PRIOR PROCEEDINGS

On August 14, 1992, Duran robbed a bank in Salem, Oregon, using a sawed off shotgun. He abandoned his stolen getaway car that day. Four days later, in Oregon City, Oregon, Duran carjacked a taxicab and drove it toward Salem. The taxicab driver notified the county authorities. Later that day, Duran asked an agricultural worker in St. Paul, Oregon, for directions to the main road. He explained he was running from the law and that he wanted to get rid of the cab. He said he had stolen the cab in Oregon City and had also robbed a bank. The worker informed his supervisor of the incident.

The local sheriffs were alerted to Duran's presence. His description matched that of the carjacker. When the sheriffs tried to stop Duran's vehicle, he refused to stop and initiated a 30 minute car chase through agricultural fields, a residential yard, and several ditches and fences. During the chase, Duran drove straight at a police car. He also caused a police car to crash. Duran was taken into custody and charged by state authorities.

Duran was later transferred to federal authorities to face federal charges relating to the bank robbery. He pled guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and to use of a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Duran to 115 months imprisonment for the bank robbery and a consecutive 60 months for the use of a firearm during a crime of violence. The district court imposed a two-level enhancement for reckless endangerment during flight under U.S.S.G. § 3C1.2. The court found that the car chase "was part of the same course of conduct and in efforts to avoid apprehension due to his commission of the bank robbery, as well as stealing the motor vehicle." Duran appeals his sentence on several grounds.

## DISCUSSION

### I

Duran contends that the district court erred in imposing the enhancement for reckless endangerment during flight because no nexus existed between the bank robbery and his reckless behavior. A district court's findings of fact pertaining to sentencing are reviewed for clear error, *United States v. Wilson,* 7 F.3d 828, 839 (9th Cir.1993). The legal interpretation of guideline terms are reviewed de novo. *United States v. Mondello,* 927 F.2d 1463, 1465 (9th Cir.1991).

U.S.S.G. § 3C1.2 states:

If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels.

Duran asserts that § 3C1.2 requires a "nexus" between the crime of conviction and the reckless endangerment. The government does not contest this assertion. No circuit has decided the issue. Because the government does not contest the nexus require-

ment, we will assume without so holding that U.S.S.G. § 3C1.2 requires a nexus between the crime of conviction and the reckless endangerment. We will review the district court's finding that the car chase "was part of the same course of conduct" for clear error.

Duran argues that there was no nexus between the bank robbery and the car chase. He makes two arguments in support of this assertion. First, he argues that the car chase and the bank robbery lacked a nexus in time and location because the car chase occurred four days after the bank robbery in another location. Second, Duran argues that no nexus existed because the local authorities involved in the car chase were not chasing Duran because they suspected him of the bank robbery but because they suspected he was the carjacker who had stolen the taxicab.

■■■ A sufficient nexus exists to warrant enhancement under U.S.S.G. § 3C1.2 if a substantial cause for the defendant's reckless escape attempt was to avoid detection for the crime of conviction. In applying the nexus test, we look to the state of mind of the defendant when he recklessly attempted to avoid capture, not to why the police were pursuing him. The factors of geographic and temporal proximity give some indication of causation, but are not controlling determinates, particularly when the defendant's state of mind is established. On the day of his escape attempt and capture, Duran informed an agricultural worker that he had stolen a taxicab and robbed a bank. Thus, one of the reasons he initiated the dangerous car chase was the bank robbery.

The district court found the car chase was "in efforts to avoid apprehension due to his commission of the bank robbery, as well as stealing the motor vehicle." The district court's findings are not clearly erroneous. There was sufficient nexus between the bank robbery and the car chase. The district

court did not err in giving Duran a two-point enhancement for reckless endangerment.

## II

■■ Duran argues that the district court stated insufficient and improper reasons for sentencing him to a particular point within a guideline range of more than 24 months. We treat these issues as questions of law and review them de novo. *United States v. Upshaw*, 918 F.2d 789 (9th Cir.1990), *cert. denied*, 499 U.S. 930, 111 S.Ct. 1335, 113 L.Ed.2d 266 (1991).

■■ If the guideline range exceeds 24 months, the sentencing judge must state the reasons for choosing a particular point in that range. 18 U.S.C. § 3553(c).[1] Duran's sentencing range was from 80 to 115 months. After orally reviewing Duran's background, character, and prior conduct, the district court sentenced him to 115 months, stating:

> The purpose of sentencing which I must follow is not only the protection of the public, which is very clear in this case, but also to try and reach some sort of treatment that will deter you from any kind of violent activity in the future and, hopefully, we can do that while you are incarcerated.

Duran argues that the district court erred in two ways.

First, Duran argues that the district court failed to state sufficient reasons for selecting a sentence at the high end of the guideline range. The factors which a district court must consider in determining the length of a sentence "include individual considerations of background, character, and conduct, as well as the systemic goals of deterrence, rehabilitation, and consistency in sentencing." *Upshaw*, 918 F.2d at 792.

Here the district court reviewed Duran's background and criminal history and then stated the reasons for the sentence were protection of the public and rehabilitation. These reasons are sufficient. The district

---

1. 18 U.S.C. § 3553(c) provides in relevant part: (c) Statement of reasons for imposing a sentence.—The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—

(1) is of the kind, and within the range, described in subsection (a)(4), and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range;

. . . .

court specifically noted that protection of the public was "very clear in this case . . . ." This is a reflection of the judge's oral review of Duran's criminal history. We find this statement of reasons sufficient to justify the selection of a sentence at the high end of the range.

Second, Duran argues that the district court gave an improper reason, "reach[ing] some sort of treatment," for the sentence. Duran relies on 28 U.S.C. § 944(k) for the proposition that a district court judge should not consider treatment as a reason for sentencing a defendant to imprisonment.[2] However, § 944(k) is a directive to the Sentencing Guideline Commission, not to the district court. The appropriate statute for us to review is 18 U.S.C. § 3582, which provides:

(a) Factors to be considered in imposing a term of imprisonment.—The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation . . . .

18 U.S.C. § 3553(a) provides in relevant part:

(a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

. . . .

(2) the need for the sentence imposed—

. . . .

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

. . . .

Section 3582 distinguishes between the determinations of whether to impose a term of imprisonment and of the actual length of the imprisonment. It admonishes the court to recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation. Once imprisonment is chosen as a punishment, however, § 3582 does not prohibit consideration of correction and rehabilitation in determining the length of imprisonment. In fact, § 3553(a) includes "correctional treatment" as a factor to be considered in determining sentence length. 18 U.S.C. § 3553(a)(2)(D).[3]

If Congress had intended to prohibit sentencing judges from considering correction and rehabilitation in setting the length of the sentence, it could have enacted a statute that admonished judges to recognize "that imprisonment *or the length of imprisonment* is not an appropriate means of promoting correction and rehabilitation." It did not enact such a statute in 18 U.S.C. § 3582. We decline to extend the prohibition in § 3582 to sentence length determinations. The district court stated sufficient and proper reasons when sentencing Duran.

Duran's sentence is AFFIRMED.

---

2. Title 28 U.S.C. § 994 provides in relevant part:

§ 994. Duties of the Commission

. . . .

(k) The Commission shall insure that the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed educational or vocational training, medical care, or other correctional treatment.

3. Once imprisonment is selected as the means of punishment, the district court may consider the length of imprisonment necessary to complete a particular prison program. For example, ordinarily a sentence of not less than 12 but not more than 30 months permits the court to commit a defendant to a Intensive Confinement Center. Operations Memorandum 249–93 (5390): *Intensive Confinement Centers*, Paragraphs 5 and 6 (p. 4). Also, a sentence of 18 to 24 months allows an inmate to enter, complete, and receive the fullest possible benefit under prison drug abuse programs. Operations Memorandum: 252–93 (5330), *Drug Abuse Program—Inmates;* (1) Chapter 7.3 (p. 11); (2) Chapter 9.2.1 (p. 13); (3) Chapter 9.3.1 (p. 15); (4) Chapter 9.4.2 (p. 18).