IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 93-2516

Conference Calendar

---

UNITED STATES of AMERICA,

Plaintiff-Appellee,

versus

HOSIE JAMES III,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

(February 16, 1995)

Before POLITZ, Chief Judge, and HIGGINBOTHAM, and DeMOSS, Circuit
Judges.

PER CURIAM:[*]

Hosie James III was convicted of possession with intent to
distribute over fifty grams of crack cocaine. The probation
officer determined that James' guidelines sentence range was 151-
188 months. The district court adopted the PSR and sentenced James
to a term of 160 months. James argues that the district court

---

[*]Local Rule 47.5 provides: "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

failed to supply adequate reasons for choosing the 160-month sentence.

By statute, a sentencing court must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for punishment, deterrence, public protection and rehabilitation; the available sentences; the guidelines and policy statements issued by the Sentencing Commission; the need for consistency in sentencing; and the need for restitution. 18 U.S.C. § 3553(a). If a defendant's guidelines sentencing range exceeds twenty-four months, the district court must state in open court its reasons for selecting a particular sentence within the range. Id. § 3553(c)(1). The sentencing court must link the pertinent facts to the relevant statutory factors supporting the sentence imposed. See United States v. Duran, 37 F.3d 557, 560-61 (9th Cir. 1994); United States v. Rosa, 11 F.3d 315, 344-45 (2d Cir. 1993), cert. denied, 114 S. Ct. 1565 (1994); see also 18 U.S.C. § 3553(a).

James did not object to the district court's allegedly inadequate reasons for imposing a 160-month sentence. Therefore, we review for plain error. See United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Jan. 18, 1995) (No. 94-7792). The requirements enunciated in Calverley have not been met.

AFFIRMED.

2