95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hilary H. HELL, Defendant-Appellant.
 No. 95-30387.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hilary Hell appeals the district court's denial of her 18 U.S.C. § 3582(c)(2) motion to modify her 51-month sentence imposed following her guilty plea conviction for conspiring to manufacture at least 125 marijuana plants in violation of 21 U.S.C. §§ 846 and 841. Hell contends that the district court erred by refusing to apply Amendment 516 of the Sentencing Guidelines retroactively. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, see United States v. Cueto, 9 F.3d 1438, 1440-41 (9th Cir.1993), and we affirm.
 
 
 3
 Hill, who was sentenced pursuant to U.S.S.G. § 2D1.1 on April 7, 1995, contends that she should be resentenced pursuant to Amendment 516, effective November 1, 1995, because Amendment 516 has been made retroactive. See U.S.S.G. 1B1.10(c) (Nov. 1995) (listing Amendment 516). Amendment 516 reduces the marijuana plant equivalency from 1,000 grams to 100 grams per plant.
 
 
 4
 Pursuant to 18 U.S.C. § 3582(c)(2), the district court has discretion to reduce "a term of imprisonment based on a sentencing range that has subsequently been lowered." See U.S.S.G. § 1B1.10(a); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir.1992). In determining whether a reduction in sentencing is warranted, a court "should consider the sentence that it would have imposed had the amendments ... been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b). The district court must consider such factors as "the need for the sentence ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a); see 18 U.S.C. § 3582(c)(2).
 
 
 5
 Here, Hell was subject to a ten-year mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(B). Pursuant to her plea agreement, however, the government agreed to move for a departure below the statutory minimum in exchange for Hell's substantial assistance. At sentencing, the government recommended a sentence of 60 months and Hell argued for a term of 24 months. The court determined that Hell had a total offense level of 23, and was in criminal history category II, establishing the imprisonment range of 51 to 63 months. The court granted the government's motion to depart below the ten-year statutory minimum and sentenced Hell to 51 months imprisonment.
 
 
 6
 In denying Hell's motion to reduce her sentence, the district court determined that had the amendment been in effect at the time of sentencing, it would have imposed the same 51-month sentence. The court noted that Hell had been involved in a large marijuana manufacturing operation for many years and had been previously convicted of a drug felony. Based on "the magnitude" of Hell's behavior, the district court affirmed Hell's 51-month sentence. Under these circumstances, the district court did not abuse its discretion by refusing to reduce Hell's sentence through the retroactive application of Amendment 516. See Wales, 977 F.2d at 1327-28; see also United States v. Duran, 37 F.3d 557, 560-61 (9th Cir.1994) (court properly considered criminal history in determining appropriate length of imprisonment).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3