UNITED STATES of America,
Plaintiff–Appellee,

v.

Kenneth Dwayne MOODY,
Defendant–Appellant.

No. 00–30223.
D.C. No. CR–00–00079–JCC.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

## MEMORANDUM **

Kenneth Dwayne Moody appeals the 92–month sentence imposed by the district court following his guilty plea conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The legal interpretation of guideline terms are reviewed de novo. *United States v. Duran,* 37 F.3d 557, 559 (9th Cir.1994). A district court's factual findings underlying a sentencing decision are reviewed for clear error. *Id.* Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been made. *See United States v. Reed,* 80 F.3d 1419, 1424 (9th Cir.1996).

■ Moody contends that the district court erred by applying a two-level enhancement for reckless endangerment in the course of fleeing from law enforcement agents pursuant to U.S.S.G. § 3C1.2

(1998). Specifically, he contends that the district court failed to establish a nexus between the armed bank robbery and the car chase twenty hours later because there was no evidence that he fled in order to avoid detection for the bank robbery. *See United States v. Duran,* 37 F.3d 557, 560 (9th Cir.1994) (assuming without holding that section 3C1.2 requires a nexus between crime of conviction and the reckless endangerment). Moody also contends that the district court erred in finding that he created a substantial risk to others during flight. Both contentions lack merit.

Even assuming that section 3C1.2 requires a nexus between the crime of conviction and the reckless endangerment, the district court did not clearly err in finding that Moody, who was driving the same car he used during the bank robbery, knew he was being pursued by law enforcement agents for the bank robbery committed the previous day. *Id.*

The court's finding that Moody created a substantial risk is also not clearly erroneous. The court found that Moody engaged in a high-speed chase that reached speeds of up to 100 m.p.h. and that he traveled through red lights without stopping. *See Reed,* 80 F.3d at 1424 (holding that where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.