**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jeremiah Bryant OCH, Defendant—**
**Appellant.**

No. 00–10351.
D.C. No. CR–99–00379–WHO.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2001.

Decided July 31, 2001.

Before CANBY, HAWKINS, and GOULD, Circuit Judges.

## MEMORANDUM [1]

Jeremiah B. Och was convicted by a jury for the armed robbery of a Sausalito, California, bank in violation of 18 U.S.C. § 2113(a), (d) and sentenced to 151 months imprisonment.[2] Och appeals his conviction

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2. The underlying facts are known by the parties and are set forth herein only to the extent necessary to explain our disposition.

alleging that the district court improperly admitted expert testimony of a handwriting examiner, physical evidence found in Och's motel room and rental car in Santa Cruz, California, and police testimony relating to the recovery of the Santa Cruz evidence. Och also appeals a two-level sentencing enhancement for reckless endangerment based on his flight from Oregon police. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I

■ Citing Federal Rules of Evidence 401, 403, and 404(b), Och argues that the district court improperly introduced irrelevant and highly prejudicial evidence at trial. Och objects to (1) testimony by Santa Cruz police detectives Deeg and Martinez that they searched Och's motel room and rental car pursuant to a warrant obtained at 4:00 a.m. as part of their jobs investigating "major cases" and "person-related crimes"; (2) the detectives' testimony that they found in the motel room narcotics paraphernalia and evidence of an unspecified crime that they were investigating and that the motel room was ransacked and abandoned; and (3) a t-shirt found in the motel room and a hat found in the rental car. We review the district court's decision to admit evidence for an abuse of discretion. *United States v. Leon–Reyes,* 177 F.3d 816, 819 (9th Cir.1999). We find no abuse of discretion here.

■ At trial, the detectives introduced into evidence the t-shirt and hat, which they recovered while investigating a liquor store robbery in which Och was a suspect. To minimize prejudice, the district court limited the scope of the detectives' testimony to avoid mention of the liquor store robbery. The government contends that the trial testimony to introduce the t-shirt and hat was "inextricably intertwined" with the charged offense of bank robbery. Accordingly, the government urges that

this evidence was properly admitted pursuant to an exception to Rule 404(b) that allows admission of other act evidence that is either "part of the transaction that serves as the basis for the criminal charge" or is "necessary ... to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Matthews,* 240 F.3d 806, 817 (9th Cir.2000) (citation omitted); *see also United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1012–13 (9th Cir.1995) (ruling that, to present a coherent and comprehensible story, "it is obviously necessary in certain cases for the government to explain ... the circumstances under which particular evidence was obtained").

We conclude that the detectives' testimony was necessary to present a coherent and comprehensible story of how the t-shirt and hat were obtained and was not unnecessarily prejudicial. While Martinez's testimony to the presence of narcotics and other crime-related evidence arguably may have gone beyond what was strictly necessary, it was not highly prejudicial in the context of the other evidence admitted and the district court did not abuse its discretion in allowing it.

■ Och argues that the t-shirt and hat should not have been admitted into evidence because there was no proper foundation establishing that the items were worn by Och during the bank robbery. However, we agree with the government that the t-shirt and hat were admissible under the "inextricably intertwined" exception to Rule 404(b) and, without reference to Rule 404(b), as direct evidence relevant to Och's guilt for the bank robbery. The evidence also satisfies the authentication and identification requirements of Federal Rule of Evidence 901 because there was "evidence sufficient to support a finding that the matter in question is what its proponent claims." The

detectives did not testify that Och wore the hat and t-shirt at the bank robbery, only that they found them while searching Och's motel room and car. Photographs developed from a camera recovered by the detectives from the motel room show Och wearing the hat and show him inside the motel room where the t-shirt was found, and the detectives' description of their recovery provides sufficient indications of reliability for their admission.

■ We also reject Och's argument that the chain of custody for the t-shirt is suspect because the t-shirt was identified five months after the motel room search in an evidence bag of items retrieved from the search. It is understandable that the detectives do not remember seeing the t-shirt during their initial search because they were investigating Och for the liquor store robbery, not the bank robbery, and not looking for the t-shirt. Moreover, there is no indication that the evidence bag contained items other than those recovered from the motel room.

## II

■ Och asserts that it was error under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), for the district court to admit expert testimony of the handwriting examiner, Cunningham, because of the unreliability of the field, and, in the alternative, that it was error to admit testimony regarding the authorship of the demand note. Och also contends that the district court erred by allowing Cunningham to testify because he was not "qualified as an expert by knowledge, skill, experience, training, or education." FED.R.EVID. 702. We review the district court's interpretations of the Federal Rules of Evidence de novo, *United States v. Bensimon*, 172 F.3d 1121, 1125 (9th Cir.1999); its rulings on the admissibility of expert testimony for an abuse of discretion, *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir.2000); and its determination whether an expert witness has sufficient qualifications to testify for an abuse of discretion, *United States v. Garcia*, 7 F.3d 885, 889 (9th Cir.1993). We review erroneous admission of expert testimony for harmless error. *United States v. Wang*, 49 F.3d 502, 504 (9th Cir.1995).

■ Och also argues that the district court erred in using a jury instruction that did not point to "the shortcomings of handwriting analysis" as a science and the limitations of Cunningham's testimony.[3] We

---

**3.** In a related contention, Och also argues that he was deprived of his Sixth Amendment right to confrontation because the district court limited cross-examination on Cunningham's qualifications as an expert and authorship of scholarly articles, the reliability of handwriting examination, and the specific bases of his testimony. Whether limitations of cross-examination are so severe as to violate the Confrontation Clause is a question of law reviewed de novo. *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir.2000). However, "the district court has considerable discretion in restricting cross-examination, and this court will find [constitutional] error only when that discretion has been abused." *Bensimon*, 172 F.3d at 1128.

The district court did not abuse its discretion here, and there is no constitutional error. The subjects of Cunningham's articles did not directly address issues of the accuracy of handwriting analysis relevant to this case and the articles were not discussed on direct examination. It was also not an abuse of discretion to limit cross-examination on the Kam studies even if the studies were marginally relevant to Och's attack on handwriting analysis. The district court did not abuse its discretion in limiting the scope and duration of cross-examination of Cunningham. The cross-examination was longer than the direct exam, and Och's counsel had the opportunity to vigorously question Cunningham's training, the underlying methodology he em-

review the district court's formulation of the instructions for an abuse of discretion and reverse only if prejudice is shown.[4] *United States v. Frega*, 179 F.3d 793, 807 n. 16 (9th Cir.1999).

■ We need not and do not decide whether the district court erred in allowing Cunningham's expert testimony or in instructing the jury because we conclude that any possible error related to the expert testimony was harmless. There was overwhelming evidence presented of Och's identity as the bank robber. Kite, the bank teller, and Clarke, who was standing in line behind the robber, both identified Och as the bank robber in pretrial photo lineups and again at trial. Kite and Clarke also identified features of the t-shirt and hat found by the Santa Cruz police in Och's custody. Clarke identified Och's distinctive neck tattoo.

Och attacks these identifications arguing that (1) Kite admitted she was nervous when assembling the money for the bank robber and did not mention that Och's left hand was tattooed despite looking at his hands when collecting the money for him; (2) Kite was not initially certain in her photo lineup identification; (3) Clarke misidentified the color, size, and style of Och's neck tattoo, could not definitively say whether she saw the first letter, and did not identify a second word in the tattoo; (4) Clarke was less than certain in both of her identifications of Och; and (5) Clarke pointed to discrepancies between her memory of the bank robbers' t-shirt and hat and the t-shirt and hat recovered by the Santa Cruz police.

We reject Och's arguments. Kite's photo lineup and in-court identifications of Och were solid. Kite testified that she identified Och as the bank robber from a pretrial photo lineup, and, at the time of identification, she wrote, "I am a hundred percent sure that photo number 2 is the person who robbed me." She made a courtroom identification of Och as the bank robber, stating that she would remember his face forever. That Kite did not notice any tattoos on Och's left hand when he was holding a gun and pointing it at her head as she assembled cash is understandable and does not detract from the strength of her identifications. Kite's testimony further matched Och's description: the robber was a white male wearing a tan shirt with a cartoon on it, a black baseball cap worn backwards, and he had a tattoo on his neck.

Clarke's description of the robber's baseball hat as dark with a confederate flag design and the words, "Rebel Rider," matches Och's hat. Clarke testified to the general design and appearance of Och's t-shirt. She testified that the robber had a tattoo on his neck in black letters with spaces between them spelling out "UCK." Even though Clarke did not precisely describe the color and spacing of the tattoo and did not see a second word, "CDC," tattooed beneath the first, Clarke's testimony is unmistakable evidence of Och's identity as the bank robber. The neck tattoo at issue including "UCK" is not common, and there is evidence that "CDC"

ployed, and the application of the methodology in the case.

4. Och argues that de novo review is appropriate because the jury instructions did not fairly and adequately embody the relevant law regarding the issues presented. *See United States v. Sarno*, 73 F.3d 1470, 1485 (9th Cir. 1995). We have reviewed this issue de novo, and we conclude that the district court's in-

structions adequately embodied the relevant law of the issues presented. Och's complaint that the district court did not give an instruction negating scientific validity of the handwriting expert, Cunningham, does not undermine our conclusion that the district court fairly instructed on the law governing the case.

was below the neckline of the t-shirt. Finally, while Clarke's pretrial and in-court identifications of Och were not as striking as Kite's identifications, these identifications and the witnesses's descriptions matching the tattoo and clothing makes proof of Och's identity as the bank robber overwhelming.

We hold that any error in the admission of expert testimony was harmless, because had the expert's testimony been completely excluded, the jury would have more than likely convicted Och of the bank robbery. *See United States v. Mett,* 178 F.3d 1058, 1066 (9th Cir.1999).

## III

■ Pursuant to U.S.S.G. § 3C1.2, the district court enhanced Och's sentence two levels for reckless endangerment during flight. After being stopped for a minor traffic offense in Klamath Falls, Oregon, nine days after the bank robbery, Och engaged local and state police on a prolonged and dangerous high speed car chase where he swerved into oncoming traffic four times and he and his passenger threw items from the car to elude the pursuit.

■ We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. McAninch,* 994 F.2d 1380, 1383 (9th Cir.1993). U.S.S.G. § 3C1.2 provides for a two-level enhancement for a defendant who "recklessly create[s] a substantial risk of death of serious bodily injury to another person in the course of fleeing from a law enforcement officer." We have assumed without deciding that § 3C1.2 requires a nexus between the crime of conviction and the reckless endangerment, *United States v. Duran,* 37

F.3d 557, 559–60 (9th Cir.1994), and we make the same assumption here.

■ Och argues that the court clearly erred in finding a sufficient nexus between the bank robbery and the flight. In addition to geographical and temporal proximity, we consider Och's state of mind to determine whether a "substantial cause" for the reckless endangerment was to avoid detection for the crime of conviction. *See id* at 560. Och argues that his flight could have been the result of (1) his traffic violation and the fact that he was driving while intoxicated, without a license, in violation of his parole, and with outstanding warrants; (2) his armed robbery of the liquor store; and/or (3) an alleged robbery of a record store four days before the bank robbery.

We reject these arguments. Applying the nexus requirement at sentencing, the district court specifically found that even if the traffic offense or the liquor store robbery contributed to Och's flight, Och's decision to flee was substantially caused by his effort to avoid arrest for the bank robbery. In light of the surrounding circumstances and the extreme dangerousness of the chase, the district court's finding was supported by the preponderance of the evidence and was not clearly erroneous.

AFFIRMED.