**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Andrey Eduardo CASTILLO,
Defendant–Appellant.**

**No. 02–50180.**

**D.C. No. CR–00–00101–VAP–1.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT, and
GRABER, Circuit Judges.

MEMORANDUM **

Andrey Eduardo Castillo appeals the
sentence imposed following his guilty plea
to possession of methamphetamine with
intent to distribute, and possession of co-
caine with intent to distribute in violation
of 21 U.S.C. §§ 841(a)(1). We affirm.

The district court did not clearly err
when it refused to award Castillo a down-
ward adjustment under U.S.S.G.
§§ 2D1.1(b)(6), 5C1.2(a)(1)-(5) because it
found that Castillo had not "truthfully pro-
vided to the Government all information
and evidence" he had. *See United States*

v. *Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996).
Considering Castillo's inconsistent state-
ments as well as the contradictory evi-
dence the government provided, the dis-
trict court did not clearly err by finding
that Castillo's proffer at the sentencing
hearing lacked necessary candor.

Pursuant to 18 U.S.C. § 3553(c)(1), the
district court adequately explained why it
sentenced Castillo to a mid-range sentence
of 120 months.[1] The explanation given by
the court included individual consider-
ations of Castillo's dishonesty and evidence
of a pattern of criminal activity. No more
is required under the statute. *See United
States v. Duran,* 37 F.3d 557, 560–61 (9th
Cir.1994).

AFFIRMED.

* The panel finds this case appropriate for sub-
mission without oral argument pursuant to
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

1. The parties both note that the district
court's written judgment erroneously states
that Castillo was sentenced to 108 months.
We agree with the government that this error
may easily be corrected by the parties with a
Rule 36 motion in the district court. *See* Fed.
R.Crim.P. 36.