**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL L. DAVIDSON, a/k/a
Michael L. Peterson,

Defendant - Appellant.

No. 07-4216
(D.C. No. 2:07-CR-350-TC-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Defendant-Appellant Michael Davidson pleaded guilty to one count of

escaping from federal custody in violation of 18 U.S.C. § 751(a).  The district

court sentenced Mr. Davidson to 33 months' imprisonment and three years'

supervised release.  On appeal, Mr. Davidson challenges the district court's

application of a 2-level upward adjustment pursuant to § 3C1.2 of the United

States Sentencing Guidelines ("Guidelines") for reckless endangerment during

flight.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

3742(a) and affirm.

## Background

On June 21, 2002, Mr. Davidson was sentenced by a district court to 60 months' imprisonment for possession of a firearm while drug trafficking. After serving most of his sentence, he was furloughed from a federal penitentiary in Atwater, California and was required to self-report to a halfway house in Salt Lake City, Utah on April 19, 2007. Mr. Davidson notified the halfway house that he had been bumped from his bus in Las Vegas, Nevada in the early morning of April 19, but he did not arrive later that day.

Law enforcement had no contact with Mr. Davidson until May 19, 2007, a month later, when police officers in Salt Lake City noticed a suspicious person sitting in a vehicle in a grocery store parking lot. Due to the person's suspicious behavior, the officers checked the license plate on the vehicle which revealed that the vehicle was stolen. As the officers activated their lights and siren, Mr. Davidson quickly drove the vehicle across the parking lot nearly striking the officers' vehicle. Because many vehicles and pedestrians populated the parking lot, the officers did not continue their pursuit. Mr. Davidson then slammed on the brakes, stopping before driving off a small cement wall into cross traffic. Mr. Davidson then fled on foot and hid behind a trash container where the officers apprehended him. When asked why he fled, Mr. Davidson explained "I saw the

-2-

cops and did not want to get caught." III R. at 3. A search of the vehicle revealed an empty pack of cigarettes containing a green leafy substance (later tested as marijuana), two drug pipe screens, a small bag with marijuana leaves colored on it, and a capped syringe. Mr. Davidson admitted the marijuana was his, but not the syringe.

At sentencing, Mr. Davidson objected to the application of a 2-level upward adjustment under § 3C1.2 for reckless endangerment during flight, arguing that a nexus must exist between his flight from the officers and the crime of conviction, i.e., his escape from the halfway house. The district court rejected this argument concluding that the Tenth Circuit has never required a nexus under § 3C1.2, applied the enhancement, and sentenced Mr. Davidson to 33 months' imprisonment, the low end of the applicable guidelines range, and three years' supervised release.

## Discussion

We review the district court's application of the Guidelines de novo and any factual findings for clear error. United States v. Wolfe, 435 F.3d 1289, 1295 (10th Cir. 2006). We give due deference to the district court's application of the Guidelines to the facts. Id.

Section 3C1.2 of the Guidelines adjusts a defendant's offense level upward two levels "[i]f the defendant recklessly created a substantial risk of death or

serious bodily injury to another person in the course of fleeing from a law enforcement officer." On appeal, Mr. Davidson argues that the district court erred by not requiring that a nexus exist under § 3C1.2 between his flight from the officers and his escape from the halfway house. Mr. Davidson argues that § 1B1.3 requires that all enhancements applied under Chapter Three of the Guidelines relate to the offense of conviction. Section 1B1.3(a) provides in relevant part,

> Unless otherwise specified, . . . adjustments in Chapter Three[] shall be determined on the basis of the following:
>
> (1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant;
>
> . . .
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

Mr. Davidson argues that the section refers specifically to the offense of conviction and requires a nexus with that offense, and that such a nexus is missing in this case.

We have previously addressed arguments similar to Mr. Davidson's on at least two occasions in unpublished opinions. First, we rejected the argument that the reckless endangerment must occur during the flight to avoid arrest for the particular offense of conviction. United States v. Green, No. 98-5256, 2001 WL 50754, *2 (10th Cir. 1999) (unpublished). Instead, the enhancement is simply

part of the relevant conduct a district court may consider under § 1B1.3 in determining the appropriate offense level and criminal history. See id. Second, another unpublished Tenth Circuit case held that a district court did not commit plain error in concluding that § 3C1.2 does not contain a nexus requirement, reasoning that even though § 1B1.3 may suggest a nexus, it does not unequivocally state such a requirement and, at that time, no circuit had required a nexus. United States v. Weathersby, 89 F. App'x 683, 689 (10th Cir. 2004) (unpublished).

Section § 3C1.2 has also received varying treatment by the circuits. The Ninth Circuit has assumed without deciding that § 3C1.2 requires a nexus between the crime of conviction and the reckless endangerment. See United States v. Duran, 37 F.3d 557, 559–60 (9th Cir. 1994). The Sixth Circuit decided that § 3C1.2 does not require a nexus in an unpublished opinion, United States v. Lykes, 71 F. App'x 543, 553 n.7 (6th Cir. 2003) (unpublished), but then reversed itself in a published opinion concluding that the section does have a nexus requirement, United States v. Dial, 524 F.3d 783, 787 & n.2 (6th Cir. 2008). The Fifth Circuit has also found a nexus requirement in § 3C1.2. United States v. Southerland, 405 F.3d 263, 268 (5th Cir. 2005).

We have doubts whether there is a nexus requirement since reckless endangerment may simply be part of relevant conduct under § 1B1.3, but we need not weigh in on the question today. We will assume, without deciding, that

§ 3C1.2 does require a nexus between the offense of conviction and the flight, and conclude that plainly there is a nexus between Mr. Davidson's escape from the halfway house and his flight from the officers. Mr. Davidson's offense, escape from federal custody under § 751(a), is a continuing offense. United States v. Bailey, 444 U.S. 394, 413 (1980). Because escape is a continuing offense, Mr. Davidson's escape "occurred during the commission of the offense of conviction" as required by § 1B1.3. This conclusion accords with our precedent where we have held that "escape presents a continuing threat of violence until the escapee is safely returned to custody." United States v. Brown, 314 F.3d 1216, 1224 (10th Cir. 2003).

Mr. Davidson argues that Brown requires further analysis whether the offense is sufficiently connected to the escape even after finding the escape to be continuing. Cf. id. at 1225. However, unlike § 3C1.2, the section at issue in Brown, § 2K2.1(b)(5) (redesignated as § 2K2.1(b)(6) by the 2006 Amendments to the Guidelines), contains language requiring a nexus, i.e., the defendant's use of the firearm or ammunition must be "in connection with" another felony offense. Further, Mr. Davidson's flight "occurred during the commission" of escape and "in the course of attempting to avoid detection" because he was still in the course of committing the offense of escape by fleeing from the officers. U.S.S.G. § 1B1.3(a)(1). This outcome is distinguishable from the facts and analysis in Southerland where the Fifth Circuit specifically noted that "the discrete,

noncontinuing offense was complete prior to the chase." 405 F.3d at 268. Mr. Davidson did not object to any of the factual findings in the presentence report regarding his flight from the officers across the parking lot. Although counsel points out that the evidence suggests that Mr. Davidson fled to avoid being arrested with drugs in possession, while he was high, and while driving a car with a stolen license plate, the evidence also suggests that he fled to avoid getting caught, a reason which surely encompasses his escape from federal custody. The district court did not err in concluding that the enhancement under § 3C1.2 was proper in this case.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge