**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30055 |
| Plaintiff - Appellee, | D.C. No. 3:06-CR-00357-BR-1 |
| v. | |
| ROBERT LEE WINGFIELD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted July 7, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Defendant-appellant Robert Wingfield ("Wingfield") appeals from a final

judgment convicting him of one count of bank robbery, in violation of 18 U.S.C.

§ 2113(a), and one count of possession of a destructive device, in violation of 26

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 5861(d). Wingfield pleaded guilty to the crimes with a plea agreement, and the district court sentenced him to 108 months imprisonment, 22 months less than the low end of the applicable guidelines range. Wingfield argues on appeal that the government breached the terms of the plea agreement and that the district court abused its discretion by applying a particular sentence enhancement.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291, and we affirm.

The facts of this case are known to the parties. We do not repeat them.

**I**

Our "standard of review for a district court's determination concerning an alleged breach of a plea agreement [is] 'inconsistent.'" *United States v. Franco-Lopez*, 312 F.3d 984, 988 (9th Cir. 2002). We have reviewed such determinations under both a de novo standard and the more deferential clearly erroneous standard. *Id*. (citations omitted).

We review "the district court's application of the Sentencing Guidelines to the facts of [a] case for abuse of discretion." *United States v. Stoterau*, 524 F.3d 988, 997 (9th Cir. 2008).

2

## II

Regardless of the standard of review that we apply, the district court properly concluded that the government has complied with the terms of the plea agreement.

"Plea agreements . . . are measured by contract law standards." *Franco-Lopez*, 312 F.3d at 989. Courts construe ambiguities in the plea agreement against the government and will use the defendant's reasonable beliefs at the time of pleading to construe the agreement. *Id.*

Here, the plea agreement states: "The government will take no position on the applicability of the § 2K2.1(b)(6) enhancement, but defendant understands that the government is obliged to fully apprise the court of all relevant facts." The government subsequently stated in its sentencing memoranda that "the Court must impose either the [§ 2K2.1(b)(6) enhancement] or alternatively the two-level multi-count adjustment under USSG § 3D1.4, but not both."

In so doing, the government complied with the terms of the plea agreement. The government's sentencing memoranda expressly explained that it was taking no position on whether § 2K2.1(b)(6) applied, and the government clearly stated that it recommended the exact same sentence regardless of whether the court applied § 2K2.1(b)(6). The sentence that Wingfield objects to is simply the government's

3

clarification of the sentencing framework, depending on whether the district court applied or refused to apply the enhancement. Wingfield could not reasonably have believed that the plea agreement prohibited the government from mentioning § 2K2.1(b)(6) in this fashion. *See Franco-Lopez*, 312 F.3d at 989.

## III

Wingfield also argues that the district court abused its discretion by applying a sentence enhancement for obstruction of justice pursuant to USSG § 3C1.2.[1] This argument is unconvincing. The district court acted well within its discretion in concluding that a "substantial cause" for Wingfield's evading the police was to avoid detection for the convicted crimes. *United States v. Duran*, 37 F.3d 557, 560 (9th Cir. 1994).

**AFFIRMED.**

---

[1] The government argues that Wingfield waived appeal of this issue according to the terms of the plea agreement. We disagree. The plea agreement expressly reserves Wingfield's right to appeal "on grounds of reasonableness of the sentence." If, as Wingfield argues, the district court had applied the enhancement without any factual support, the sentence would be presumptively unreasonable.

4