
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10489 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00878-JMR-JCG-8 |
| v. | |
| MIGUEL E. MARTINEZ, AKA Indio, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Submitted June 12, 2012[**]
San Francisco, California

Before: D.W. NELSON, RAWLINSON, and IKUTA, Circuit Judges.

The district court did not plainly err in denying Martinez's motion for a new

trial because the prosecutor's statements in closing argument did not constitute

impermissible vouching: they neither bolstered the credibility of a government

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

witness nor suggested that there was additional evidence the jury was not being shown. *See United States v. Hermanek*, 289 F.3d 1076, 1098 (9th Cir. 2002). The prosecutor's "we know" statements did not depict the prosecutor as part of the investigatory team but rather were a rhetorical device used to summarize the evidence and describe permissible inferences. *See id.* Moreover, given the overwhelming evidence of guilt, there is no reason to think that these claimed improprieties "seriously affected the fairness, integrity, or public reputation of judicial proceedings, or . . . would result in a miscarriage of justice." *United States v. Geston*, 299 F.3d 1130, 1135 (9th Cir. 2002) (quoting *United States v. Tanh Huu Lam*, 251 F.3d 852, 861 (9th Cir. 2001)) (internal quotation marks omitted).

The district court did not clearly err in determining that Martinez was responsible for more than 10,000 kilograms of marijuana. Assuming that the relevant drug quantity had to be proved by clear and convincing evidence, *see United States v. Lynch*, 437 F.3d 902, 916 (9th Cir. 2006), the government met its burden providing, among other things, the testimony of Martinez's co-conspirators, given under oath and pursuant to a plea agreement, *see United States v. Alvarez*, 358 F.3d 1194, 1213 (9th Cir. 2004), that Martinez was the primary supplier of an operation that transported approximately that amount of marijuana over a six-year period. *See United States v. Culps*, 300 F.3d 1069, 1076 (9th Cir. 2002).

Moreover, any error in approximation was harmless because a calculation error had mistakenly given Martinez a base offense level of 40 instead of 43; even if we were to hold that the evidence did not support 10,000 kg of marijuana, on remand the properly calculated base offense level would be no lower than 41. *See United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010).

The district court did not clearly err in applying a sentencing enhancement for possession of a firearm during the commission of a drug offense. The district court could find by a preponderance of the evidence that the firearm with a unique canister discovered at Martinez's home was the same firearm used in connection with the conspiracy. Moreover, the record established that Martinez had supervisory responsibility over the armed individuals protecting his drug loads, and thus had constructive possession of those firearms. *See United States v. Cazares*, 121 F.3d 1241, 1245 (9th Cir. 1997).

Finally, the district court did not clearly err in applying an enhancement for reckless endangerment based on the high-speed car chase. Even assuming that a nexus is required between the reckless endangerment and the crime of conviction, *see United States v. Duran*, 37 F.3d 557, 559–60 (9th Cir. 1994), *abrogated on other grounds by Tapia v. United States*, 131 S. Ct. 2382 (2011), the evidence was overwhelming that Martinez's flight in the Dodge Ram was connected to his role

in the drug conspiracy because he was fleeing with a shoe box containing thousands of dollars in drug proceeds.

**AFFIRMED.**