**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3200
_____

UNITED STATES OF AMERICA

v.

JOHN DOE,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-13-cr-00106-010)
District Judge: Hon. Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 22, 2018
_____

Before: MCKEE, SHWARTZ and COWEN, <u>Circuit Judges</u>.

(Opinion Filed:  May 25, 2018)
_____

OPINION*
_____

---

     * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Defendant John Doe pleaded guilty to conspiring to distribute controlled substances and was sentenced to 156 months' imprisonment. On appeal, Doe challenges the District Court's application of a two-level enhancement pursuant to § 3C1.2 of the United States Sentencing Guidelines for reckless endangerment during flight. For the reasons that follow, we will affirm.

I

On August 23, 2013, police officers in Fort Lee, New Jersey, were on routine patrol and observed a vehicle in a motel parking lot whose license plate did not match the vehicle's registration number. The officers went to the room associated with the vehicle and encountered Doe, who gave the officers permission to search the vehicle. During the search, officers found documents that reflected drug trafficking and/or money laundering. Doe fled on foot, entered an unmarked police car, drove the car at the officers, struck them, dragged one of them, and sped away from the scene toward New York City.

A few weeks later, law enforcement found Doe at an apartment complex in Monroe County, Pennsylvania. A search of the apartment revealed heroin, cocaine, amphetamines, and more than $17,000 in cash. Doe confessed to obtaining heroin and other illegal drugs from conspirators in Chicago and Mexico and distributing those drugs to conspirators in Pennsylvania between 2011 and 2013.

A federal grand jury indicted Doe and others for, among other things, conspiracy to distribute and possess with intent to distribute controlled substances in Pennsylvania

2

and elsewhere between December 2010 and March 2014. Doe pleaded guilty to the conspiracy count.

Following his guilty plea, a pre-sentence investigation report was prepared which recommended a two-level enhancement in his offense level for reckless endangerment during flight pursuant to § 3C1.2 based on the events of August 23, 2013. Doe objected to the enhancement. The District Court overruled the objection, and sentenced Doe to 156 months' imprisonment. Doe appeals the application of the § 3C1.2 enhancement.

II[1]

Section 3C1.2 provides for a two-level enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer[.]" U.S.S.G. § 3C1.2. Doe does not dispute that his conduct—fleeing on foot after police officers found documents reflecting drug trafficking and/or money laundering, entering an unmarked police vehicle, driving the vehicle at the officers, striking them, and dragging one of them as he sped away from the scene—was reckless and created a substantial risk of death or serious bodily injury to another person. Rather, he contends the District Court erred by not requiring a nexus between his reckless conduct and his offense of conviction, and by concluding that, in

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a). We "exercise plenary review over [the] [D]istrict [C]ourt's interpretation of the Guidelines," United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc), and we "review the District Court's application of the Guidelines to facts for abuse of discretion and its factual findings for clear error," United States v. Huynh, 884 F.3d 160, 165 (3d Cir. 2018) (alterations, citation, and internal quotation marks omitted).

any event, there was a sufficient nexus to apply the enhancement to Doe's offense level. Specifically, Doe asserts that there was no nexus between his reckless conduct and offense of conviction because his reckless conduct was prompted by a routine police patrol unrelated to the federal drug charges filed against him. He also asserts that the recovery of evidence relating to the drug conspiracy less than one month later cannot retroactively connect his prior reckless conduct to the offense of conviction. We disagree.

While at least two circuit courts have required a nexus between the reckless conduct and offense of conviction, United States v. Dial, 524 F.3d 783, 787 (6th Cir. 2008); United States v. Southerland, 405 F.3d 263, 268-69 (5th Cir. 2005), we need not decide whether § 3C1.2 requires such a nexus because one exists in this case, see United States v. Duran, 37 F.3d 557, 558-60 (9th Cir. 1994) (assuming without deciding that § 3C1.2 requires a nexus between the reckless endangerment and the crime of conviction). The offense of conviction—conspiracy to distribute and possess with intent to distribute controlled substances—is directly connected to Doe's reckless endangerment. He was under investigation for drug trafficking and was an active participant in the drug conspiracy at the time the police searched his vehicle and found documents reflecting drug trafficking and/or money laundering activity. Less than a month later, Doe was found in possession of large quantities of drugs and cash and admitted to participating in an ongoing multistate and multinational drug conspiracy. It is therefore reasonable to infer that Doe's reckless flight on August 23, 2013 was prompted by his concern that he would be apprehended with evidence of the drug conspiracy.

4

Because there is both temporal and geographic proximity between his reckless conduct and the offense of conviction and a basis to infer his reckless conduct was associated with his efforts to avoid apprehension for that offense, the District Court did not clearly err in applying the two-level enhancement to Doe's offense level pursuant to § 3C1.2. See Dial, 524 F.3d at 788 (finding sufficient nexus for purposes of § 3C1.2 enhancement where defendant's "mindset at the time of his flight" and "the temporal and geographic proximity between the flight and the conspiracy to distribute methamphetamine" demonstrated defendant was "attempting to prevent detection of the ongoing conspiracy").

## III

For the foregoing reasons, we will affirm.