Opinion for the Court filed by Circuit Judge GRIFFITH.
Concurring opinion filed by Senior Circuit Judge WILLIAMS.
GRIFFITH, Circuit Judge.
This appeal presents the issue of whether the district court committed plain error when it held that the appellant’s prior conviction for first-degree sexual abuse of a ward was a crime of violence under the Sentencing Guidelines. Because we find that the district court did not plainly err, we affirm the sentence.
I.
While a police officer with the District of Columbia Metropolitan Police Department (“MPD”) in September 1998, appellant Vincent Andrews booked a woman who had been arrested for prostitution. With the woman in his sole custody, Andrews drove her a short distance away from the police station and stopped the car where she performed oral sex on him in the backseat. After returning to the police station, Andrews realized that the woman had kept the condom used during the sexual encounter. When she refused to give him the used condom, he tackled her, held her down, and groped her, ultimately recovering the condom from her person. The woman immediately reported the incident to other police officers at the station, and Andrews was arrested. After a jury trial, he was convicted in November 1999 in the District of Columbia Superior Court of first-degree sexual abuse of a ward, tampering with physical evidence, obstruction of justice, and simple assault. Andrews was sentenced to two to six years imprisonment, with all but one year suspended. He was also fired from the MPD.
In January 2002, Andrews visited a law enforcement equipment store and, allegedly holding himself out as a police officer, attempted to purchase police equipment. The owner refused to make the sale and notified the police. The police executed a *896 search warrant on Andrews’s apartment and discovered a shotgun. Andrews was charged with false personation of a police officer and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After a jury trial in November 2002, Andrews was convicted on the weapons charge but was cleared of impersonating a police officer. It was his sentencing on this conviction that gave rise to the current appeal.
The presentence investigation report (“PSR”) prepared by the Probation Office relied on the federal Sentencing Guidelines and reported a báse offense level of 20 for Andrews’s firearm conviction because it determined that his prior conviction for first-degree sexual abuse of a ward was a “crime of violence.” See U.S.S.G. § 2K2.1(a)(4)(A). Andrews did not argue to the district court that the prior D.C. conviction was not a crime of violence. Had Andrews’s prior conviction not been a “crime of violence,” his offense level would have been 12 rather than 20. In addition, Andrews would have been able to invoke as a defense to his sentence the terms of § 2K2.1(b)(2), which provides a base offense level of 6 if the firearms were possessed for “lawful sporting purposes or collection.” Id. § 2K2.1(b)(2). Andrews attempted to interpose that defense to the PSR, arguing that his gun was a “collectible” because it was forty years old. The district court rejected Andrews’s argument because the “collectible” exception is not available to those who have been previously convicted for a crime of violence. See Transcript of Sentencing Proceedings at 15, United States v. Andrews, Crim. No. 02-255 (D.D.C. Mar. 4, 2003); see also U.S.S.G. § 2K2.1(a)(4). A base offense level of 20 corresponds to a recommended sentence range of 41-51 months. A level of 12 corresponds to 15-21 months. A level of 6 corresponds to 2-8 months. The district court’s conclusion that Andrews’s prior conviction was a crime of violence increased the sentencing range for his firearms conviction from a possible level of 6 or more likely level of 12 to a base offense level of 20. Being found to have previously committed a crime of violence therefore provides a significant “bump” to a sentence for felon in possession of a firearm.
II.
Because Andrews failed to argue to the district court that his conviction for first-degree sexual abuse of a ward was not a crime of violence, we review his sentence only for plain error. See, e.g., United States v. (Adrian) Williams, 358 F.3d 956, 966 (D.C.Cir.2004) (citing Fed. R. Crim. P. 52(b)). “Plain error” occurs “where (1) there is error (2) that is plain and (3) that affects substantial rights, and (4) the court of appeals finds that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.” United States v. Johnson, 437 F.3d 69, 74 (D.C.Cir.2006) (citing United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Our sole inquiry here is whether it was an “obvious” error. United States v. Saro, 24 F.3d 283, 286 (D.C.Cir.1994) (quoting Olano, 507 U.S. at 734, 113 S.Ct. 1770). “Obviousness is assessed from the perspective of the trial court; the error must be ‘so ‘plain’ the trial judge and prosecutor were derelict in countenancing it, even absent the defendant’s timely assistance in detecting it.’ ” Id. (quoting United States v. Frady, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). Were we considering this case under a more rigorous standard of review, we might need to address the more difficult methodological issues regarding how a sentencing court should regard pri- or convictions that are discussed so cogently in Judge Williams’s concurrence. We need not reach these issues to dispose *897 of the appeal because we are convinced that the district court did not plainly err.
To determine whether the district court committed an “obvious” error by categorizing Andrews’s prior conviction for first-degree sexual abuse of a ward as a crime of violence, we start with the definition of crime of violence in the Guidelines:
(a) The term “crime of violence” means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
U.S.S.G. § 4B1.2(a) (emphasis added). To analyze whether Andrews’s prior conviction fits within that definition of crime of violence, we “must look only to the statutory definition [of the crime for which he has been convicted], not to the underlying facts or evidence presented.” United States v. Mathis, 963 F.2d 399, 408 (D.C.Cir.1992) (citing Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). Under this categorical approach, if the statutory definition itself does not yield an obvious answer, for example, where it covers both violent and non-violent crimes, we can then look to “the charging paper and jury instructions” to determine whether a jury was required to find elements supporting the determination that the prior conviction was a crime of violence. Taylor, 495 U.S. at 602, 110 S.Ct. 2143; see also Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).
Under D.C. law, first-degree sexual abuse of a ward is defined as “a sexual act with another person ... when that other person [i]s in official custody, or is a ward or resident, on a permanent or temporary basis, of a hospital, treatment facility, or other institution.” D.C. Code § 22-3013 (formerly § 22-4113). “Sexual act” covers a variety of conduct, including vaginal sex, anal sex, oral sex, and penetration by other objects. Id. § 22-4101(8) (1998) (repealed 2000). Because physical force—the touchstone of the first prong of the Guidelines’ definition of “crime of violence”—is not an element of first-degree sexual abuse of a ward, we must look to the second prong of the definition—whether this conduct “presents a serious potential risk of physical injury to another.” U.S.S.G. § 4B1.2(a)(2). As we have observed, “[t]he issue, then, is whether the offense of [first-degree sexual abuse of a ward]—as a category—carries appreciably less risk of injury to another than do the listed crimes [burglary, arson, extortion].” United States v. Thomas, 361 F.3d 653, 660 (D.C.Cir.2004). Because consent is not a defense to this crime, see D.C. Code § 22-3017 (formerly § 22-4117), and the statute covers a wide range of conduct, it is possible to imagine situations in which the statute could be violated without posing “a serious potential risk of physical injury to another.” As per Taylor, we therefore look to the indictment and jury instructions to see what the jury actually determined.
The jury instructions make clear the conduct for which Andrews was convicted. The jury was charged to find whether Andrews engaged in a “sexual act” with the victim “[t]hat is contact between his penis and her mouth.” Trial Transcript at 35, United States v. Andrews, No. 6601-98 (D.C.Super.Ct. Sept. 21, 1999). Our determination is therefore limited to the question of whether oral sex with a ward, as a categorical determination, “presents a serious potential risk of *898 physical injury to another.” U.S.S.G. § 4B1.2(a)(2). We note two factors, sufficient to withstand plain error review, that suggest this crime could present a serious potential risk of physical injury. First, there exists a potential risk of injury that is inherent in the coercive nature of the supervisor-ward relationship. The fact that consent is not a defense to sexual abuse of a ward, see D.C. Code § 22-3017 (formerly § 22-4117), might be taken to demonstrate that District legislators believed there existed an inherent power imbalance in the relationship. Although it is an open question that we need not resolve whether the coercive nature of the rela: tionship alone might be enough to make this a crime of violence, there is also in the very nature of the sex act a risk of exposing the victim to sexually transmitted infections. See, e.g., Sarah Edwards & Chris Carne, Oral Sex and the Transmission of Non-Viral STIs, 74 Sexually TRANSMITTED INFECTIONS 95-100 (1998) (providing a comprehensive literature review on the role of oral sex in transmitting infections). For those reasons, it is not “obvious” to us that first-degree sexual abuse of a ward does not constitute a crime of violence, and the district court did not plainly err in so finding.
Andrews’s argument to the contrary fails to the extent that it relies on consent not constituting a defense to first-degree sexual abuse of a ward. Although the unavailability of a consent defense could conceivably criminalize behavior that might not involve violent behavior, this court “cannot accept the defendant[’]s contention that an offense is not categorically a crime of violence unless every such offense is.” Thomas, 361 F.3d at 659 n. 11 (internal quotation marks and citation omitted). Just because Andrews “can hypothesize circumstances in which [first-degree sexual abuse of a ward] can be committed without either force or risk or injury cannot be dispositive under § 4B1.2(a), as such an analytical approach would eviscerate the notion of a ‘categorical’ definition.” Id. at 658. Andrews’s reliance on the comments of the judge who sentenced him on first-degree sexual abuse of a ward, see Appellant’s Br. at 17-20, also misses the mark for two reasons. First, that judge did not consider whether sexual abuse of a ward is a crime of violence under the federal Sentencing Guidelines. Second, we are compelled to make a categorical determination, but Andrews’s arguments rely upon the underlying facts supporting the conviction. See Mathis, 963 F.2d at 408 (citing Taylor, 495 U.S. at 602, 110 S.Ct. 2143). Finally, Andrews cites to no authority supporting his view that first-degree sexual abuse of a ward is not a crime of violence. We have yet to consider the issue, and other circuits that have considered the analogous situation of statutory rape (for which consent is also not a defense) have generally found that to be a crime of violence. See, e.g., United States v. Asberry, 394 F.3d 712, 717-18 (9th Cir.2005); see also United States v. Searcy, 418 F.3d 1193, 1196-98 (11th Cir.2005) (holding that use of interstate commerce channel to entice minor into sexual contact is a crime of violence). But see United States v. Houston, 364 F.3d 243, 248 (5th Cir.2004). As we described the matter in a similar sentencing case: “Whatever one might say about the merits of [appellant’s] argument, it certainly does not leap from the text of the Guideline and the commentary. We could hardly expect the district court to come up with it sua sponte.” United States v. (Norman) Williams, 350 F.3d 128, 130 (D.C.Cir.2003).
III.
Because the district court did not plainly err when it considered first-degree sexual *899 abuse of a ward as a crime of violence for sentencing under the federal Guidelines, the judgment of the district court is affirmed.

So ordered.