KAREN LeCRAFT HENDERSON,
Circuit Judge, concurring in part and dissenting in part:
Although I agree with my colleagues that we should remand the defendant’s Sixth Amendment claim for an evidentiary hearing, I do not agree with the majority’s conclusion that his sentence should be vacated and remanded for resentencing. For the following reasons, I would affirm the sentence.
In reviewing a sentence for plain error, we have held that “[pjlain error exists ‘where (1) there is error (2) that is plain and (3) that affects substantial rights and (4) the court of appeals finds that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.’ ” United States v. Brown, 516 F.3d 1047, *854 1052 (D.C.Cir.2008) (quoting United States v. Andrews, 479 F.3d 894, 896 (D.C.Cir. 2007) (internal quotations omitted)). The defendant alleges that the district court sentenced him to a longer term of imprisonment in order to promote his rehabilitation and argues that doing so constituted plain error. At sentencing, the district court stated that the defendant’s offense was “a serious drug crime contributing to the blight on the community from drugs.” Sentencing Tr., In re Sealed Case, Cr. No. 07-0015, at 27 (D.D.C. Apr. 16, 2008) (Sentencing Tr.). The court characterized the defendant’s criminal history as “lengthy,” id. at 28, and noted his “trend” of “coming out of some criminal justice context, whether it be incarceration or supervision ..., and still engaging in criminal activity .... [including] incarceration] for violations of his conditions of [supervised] release,” id. at 30 (emphasis added). The court also found relevant the defendant’s age of 58 years. Id. at 29. The defendant’s lengthy and recidivist history “l[ed] the Court to observe, consistent with one of the factors under 3553(a), that there is a need to protect the public from further criminal activity.” Id. at 30. At the close of its discussion of the factors it deemed relevant to selecting a sentence, the court stated:
Now, with respect to another factor under 3553(a), I do think that the defendant may benefit from some of the programs and educational training and the medical treatment that is available in the federal prison system, and that would actually be more available and more useful for the defendant over a somewhat longer period of time than it would over a very short period of time.
Id. at 31-32; see 18 U.S.C. § 3553(a)(2)(D). The court then announced the sentencing guidelines range as 151 to 188 months. Sentencing Tr. at 32. It iterated:
Again, I have assessed this based on all the factors under Section 3553(a), including in particular those in 3553(a)(2)(A), which are the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, to afford adequate deterrence both to the defendant and others, and to protect the public from further crimes of the defendant and to provide the defendant with needed educational or vocational training or other treatment in the correctional system in an effective manner, all of which is, when considered by the Court, designed to result in a sentence that is sufficient but not greater than necessary.
Id. at 32-33. “[T]aking all of that into account,” the court concluded that “a sentence less than the guideline range is warranted.” Id. at 33. Nevertheless, the court decided a “substantial” sentence was appropriate and sentenced the defendant to 132 months’ imprisonment and 36 months’ supervised release. Id. at 33-34. The court also “recommend[ed] that [the defendant] be admitted to the Bureau of Prisons’ residential drug abuse treatment program, what is called the 500-hour program while incarcerated.” Id. at 34.
First and foremost, the court did not err, plainly or otherwise, because it did not in fact sentence the defendant to a longer term of imprisonment in order to promote rehabilitation. As noted, the court focused on the defendant’s lengthy criminal history and recidivist tendencies even after periods of incarceration. It mentioned rehabilitation briefly at the close of a more lengthy discussion of the other factors under 18 U.S.C. § 3553(a)(1) and (2). And even with the defendant’s recidivism, the court imposed a sentence well below the guidelines range. Its emphasis nonetheless remained on the need for imprisonment to protect the public from a career *855 offender.[1] Cf. United States v. Manzella, 475 F.3d 152 (3d Cir.2007) (vacating sentence of 30 months’ imprisonment — well above sentencing guidelines range of 2 to 8 months — sentencing court had imposed solely to allow defendant to participate in prison drug treatment program).
Second, assuming the district court in fact sentenced the defendant to a longer term of imprisonment in order, in part, to promote his rehabilitation, but see Majority Op. at 853, and assuming further that the court did so erroneously, that error would not be plain. Plain error requires that the error be “ ‘clear’ or, equivalently, ‘obvious.’” United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Whether the limitation contained in the last clause of section 3582(a) applies both to the decision to impose imprisonment as well as the length thereof or only to the decision to imprison has, as the majority discusses, split the circuits. See Majority Op. at 848-49. Whoever has the better reading, courts have read it differently — and with conflicting results — which manifests, at least to me, that any court that has read it erroneously has not done so plainly. See United States v. Baldwin, 563 F.3d 490, 492 (D.C.Cir.2009) (relying on circuit split in finding no plain error); Andrews, 532 F.3d at 909 (same); United States v. Sullivan, 451 F.3d 884, 895-96 (D.C.Cir.2006) (same).
Moreover, even assuming error that is plain, the defendant has failed to “demonstrate ‘a reasonable likelihood that the sentencing court’s obvious errors affected his sentence.’ ” United States v. Williams, 358 F.3d 956, 966 (D.C.Cir.2004) (quoting United States v. Saro, 24 F.3d 283, 288 (D.C.Cir.1994)). In view of the district court’s emphasis on the defendant’s decades-long inability to refrain from criminal activity unless incarcerated, the length of the sentence was unaffected by any desire to accord the defendant one more chance at rehabilitation. In short, I believe the court would have imposed the same sentence irrespective of any rehabilitation impulse and therefore the defendant was not prejudiced. Because the defendant has not satisfied the first three prongs of plain error review, I need not reach whether “the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.” Andrews, 479 F.3d at 896 (internal quotations omitted); see United States v. Mouling, 557 F.3d 658, 664 (D.C.Cir.2009) (no need to reach fourth prong of plain error test because error was not plain).
Accordingly, I respectfully dissent from the vacatur and remand of the defendant’s sentence.

. The court noted that “there’s little in the way of a showing that the defendant wants or is able to conform his conduct to the law in the future’’ and “the defendant has not shown any ability to conform his conduct to the law now or even after some relatively short period of incarceration.” Sentencing Tr. at 31.