*810
SUMMARY ORDER

Anthony Perone appeals from a judgment of conviction entered in the District Court of Connecticut (Hall, J.) on January 3, 2008 (amended twice thereafter). Perone pleaded guilty to two counts of mailing threatening communications in violation of 18 U.S.C. § 876(c). The Guidelines range was 18-24 months. Perone was sentenced to the statutory maximum of 60 months on each count, to run consecutively. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Perone contends that his sentence is substantively unreasonable in light of three § 3553(a) factors: (1) the seriousness of the offense; (2) the need to protect the public from further crimes of the defendant; and (3) the need to provide the defendant with medical care or other correctional treatment. 18 U.S.C. § 3553(a)(2). We review Perone’s sentence for reasonableness.
“Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge.” United States v. Fernandez, 443 F.3d 19, 27 (2d Cir.2006). Instead, “the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions.” Gall v. United States, — U.S. -, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007); see also Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2459, 168 L.Ed.2d 203 (2007) (“appellate ‘reasonableness’ review merely asks whether the trial court abused its discretion”). This abuse-of-discretion standard applies whether the sentence imposed falls “inside or outside the Guidelines range.” Gall, 128 S.Ct. at 596. When considering a sentence outside the Guidelines range, the appellate court reviews the totality of the circumstances and “may consider the extent of the deviation [from the Guidelines], but must give due deference to the district court’s decision that the § 3553(a) factors, on a whole, justify the extent of the variance.” Id. at 597. While the Guidelines, therefore, provide “the starting point and the initial benchmark” for the district court, id. at 596, they do not usurp the district court judge’s “superior position to find facts and judge their import under § 3553(a).” Id. at 597 (quotations and citation omitted). We cannot conclude that the district court abused its discretion here.
1. Perone argues that it was error for the district court to consider his conduct — specifically, conduct demonstrating his intent to carry out his threats — as evidence of the seriousness of his offense when such conduct was already accounted for in the Guidelines calculation. See U.S.S.G. § 2A6.1. This argument is merit-less. The sentencing judge specifically noted that based on the evidence presented she was convinced Perone would have carried out his plan had he not been stopped, and that he clearly intended to act on his threats. Given her superior position to find facts and evaluate their import, it was well within her discretion to decide that those conclusions carried more weight than that already afforded by the Guidelines calculation, and to consider them accordingly in determining the length of his sentence. See Gall, 128 S.Ct. at 596.
2. Perone argues that the district court considered unreliable expert testimony in analyzing the need to protect the victim and the public. This argument also fails. In a pre-sentencing report and at the sentencing proceeding, two forensic psychologists assessed Perone’s risk of dangerousness to the community as “high” or “moderate to high”, noting, however, that such assessments are only moderately accurate. The sentencing judge weighed *811 the risk in light of Perone’s repeated display of themes of violence, revenge, and death in his threats and writings. Section 3553(a)(2)(C) specifically directs a district court to consider the need to protect the public from the defendant’s further crimes when determining the length of a sentence. 18 U.S.C. § 3553(a)(2)(C). The district court’s consideration and evaluation of the experts’ testimony in determining the need to protect the public here was, therefore, well within its purview “to find facts and judge their import” in relation to the § 3553(a) factors. Gall, 128 S.Ct. at 596. There was no abuse of discretion in considering the expert testimony.
3. Perone argues that the need for long-term psychiatric treatment is an inappropriate reason for imposing long-term imprisonment. While “imprisonment is not an appropriate means of promoting correction and rehabilitation”, 18 U.S.C. § 3582(a); see also United States v. Yehuda, 238 Fed.Appx. 712, 713 (2d Cir.2007), it is not improper for a sentencing court to note the added benefit which a structured prison environment provides for a defendant’s long-term treatment. This is especially so where, as here, the sentencing proceeding otherwise reflects a comprehensive consideration of all of the § 3553(a) factors.
At the sentencing proceeding, the district court heard the testimony of five "witnesses, considered the results of a court-ordered psychological evaluation, and exhaustively discussed all of the § 3553(a) factors. After this thorough review, the court imposed a sentence which reflected the totality of the circumstances and was “sufficiently compelling to support the degree of variance” from the Guidelines calculation. Gall, 128 S.Ct. at 597. There was no abuse of discretion. We hereby AFFIRM the judgment of the district court.