712

**UNITED STATES of America,
Appellee,**

v.

**Catana YEHUDA, Defendant–
Appellant.**

**No. 07–0427–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 17, 2007.

Colleen P. Cassidy, Federal Defenders
of New York, Inc., New York, NY, for
Appellant.

Michael D. Maimin, Assistant United
States Attorney, for Michael J. Garcia,

United States Attorney, Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant Catana Yehuda appeals her sentence of thirty-six months' imprisonment following a judgment entered on January 30, 2007, revoking her term of probation.[1] We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Preliminarily, we observe that we review challenged sentences for unreasonableness, see *United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), both as to "the sentence itself" and "the procedures employed in arriving at the sentence," *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006); *see United States v. Crosby*, 397 F.3d 103, 114–15 (2d Cir.2005). We do not substitute our judgment for that of the sentencing judge; rather, our review "is akin to [that] for abuse of discretion." *United States v. Fernandez*, 443 F.3d at 27.

Although the Guidelines advised a four to ten month sentence for Yehuda's Grade C violation of probation, see United States Sentencing Guidelines Manual § 7B1.4, the district court imposed a thirty-six month term of incarceration on the grounds that the sentence was necessary (1) to qualify Yehuda for the Bureau of Prisons's 500–hour drug treatment program, and (2) to deter her thirteen year-old daughter from taking drugs or otherwise engaging in criminal activity.

With regard to the district court's first rationale, Yehuda cannot deny that she was charged with probation violation specifications involving both unlawful conduct and an irresponsible rejection of a serious opportunity for rehabilitation. Nevertheless, as the government concedes, rehabilitation—specifically, qualifying Yehuda for a 500–hour prison drug treatment program—is not a permissible basis for increasing Yehuda's term of imprisonment. Section 3582(a) of Title 18 specifically directs sentencing judges to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a); *see* 28 U.S.C. § 994(k) ("The Commission shall insure that the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant ...."); *see also United States v. Manzella*, 475 F.3d 152, 161 (3d Cir.2007) (vacating sentence where district court imposed prison term for "rehabilitative purposes ... *i.e.*, so that [defendant] would be eligible for Bureau of Prisons's 500–hour drug treatment program").

As for the district court's second rationale, we have no occasion to consider in this case whether the specific deterrence

---

1. The district court originally sentenced Yehuda to three years' probation following her guilty plea to conspiracy to commit access device fraud, 18 U.S.C. § 1029(b)(2), access device fraud, *id.* § 1029(a)(2), (a)(3), and conspiracy to commit health care fraud, *id.* § 371. Yehuda was subsequently charged with two probation violation specifications:

(1) using a controlled substance (i.e., cocaine) on four separate occasions, and (2) failing to enter a residential drug-treatment program as directed by her probation officer. In January 2007, Yehuda pleaded guilty to the first violation specification on the understanding that the second violation specification would be dismissed.

of a third-party can ever be an appropriate sentencing consideration. Assuming *arguendo* that some circumstances might exist permitting such deterrence to be considered, this is not such a case. Nothing in the record remotely suggests any particular need to deter criminal conduct by Yehuda's thirteen year-old daughter—an honor student with no history of drug use or other criminal activity and with no apparent knowledge of her mother's transgressions—much less a need best served by imposing a thirty-six month sentence on her mother, twenty-six months above the high end of the Guidelines range for Yehuda's probation violation. *See* 18 U.S.C. § 3553(a) (directing sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with" various sentencing "purposes," including "adequate deterrence to criminal · conduct").

In sum, because the district court relied on two impermissible considerations in setting the length of Yehuda's term of imprisonment, we conclude that the thirty-six month sentence was unreasonable. *See United States v. Crosby,* 397 F.3d at 114. Accordingly, we VACATE that sentence and REMAND this case for resentencing consistent with this order.