# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

--------

Argued April 20, 2009        Decided July 28, 2009

No. 08-3029

IN RE: SEALED CASE

--------

Appeal from the United States District Court
for the District of Columbia
(No. 1:07cr00015-JDB-01)

--------

*Jonathan Zucker* argued the cause and filed the briefs for appellant.

*Nicholas P. Coleman*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese III*, *Elizabeth Trosman*, and *Kenneth F. Whitted*, Assistant U.S. Attorneys.

Before: HENDERSON, TATEL, and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* TATEL.

Opinion concurring in part and dissenting in part filed by *Circuit Judge* HENDERSON.

TATEL, *Circuit Judge*: Sentenced to eleven years in prison after pleading guilty to unlawful distribution of 2.1 grams of heroin, defendant appeals, arguing that the district

court improperly sought to promote his rehabilitation through a longer term of imprisonment. Although defendant's failure to object to the district court's reasoning at sentencing limits us to plain error review, we agree that 18 U.S.C. § 3582(a) expressly prohibits sentencing courts from treating rehabilitation as a reason for imposing a longer term of imprisonment. In light of this clear statutory provision, and because this case also meets the remaining elements of the stringent plain error test, we vacate the sentence and remand for resentencing. Also, in accordance with our general practice and the government's concession, we remand defendant's additional claim that he received ineffective assistance of counsel.

## I.

Defendant, a 56-year-old drug addict, sold $20 worth of heroin to an undercover officer. Approached by officers shortly after the sale, defendant discarded 32 additional ziplock bags of a substance that tested positive for opiates. District of Columbia authorities arrested defendant and later charged him in the Superior Court of the District of Columbia with unlawful distribution of heroin and possession of heroin with intent to distribute. After protracted plea negotiations, defendant accepted a cooperation agreement entailing transfer of his case to the United States District Court for the District of Columbia, where he pled guilty to unlawful distribution, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C). Defendant's subsequent attempts at cooperation produced little of use to the government and ultimately ended when he failed a drug test.

Defendant's crime of distribution of less than five grams of heroin set his federal Sentencing Guidelines base offense level at 12. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(14) (2007). Although the district court based the offense level on only the 2.1 grams of heroin involved in the

incident for which defendant was arrested, defendant's criminal history category of VI reflected his long-term involvement with heroin dealing and related crimes. Because defendant's cooperation efforts were ultimately unfruitful, the government declined to request a downward departure for substantial assistance, *id*. § 5K1.1, but it did acknowledge that defendant was entitled to credit for acceptance of responsibility, *id.* § 3E1.1 (providing for two-level acceptance of responsibility credit plus additional one-level decrease in certain circumstances for base offense levels of 16 or higher). Finding the cooperation efforts in good faith, the district court agreed that an acceptance of responsibility credit was warranted. Together defendant's base offense level, criminal history category, and acceptance of responsibility credit would have yielded a guidelines range of 24 to 30 months. Defendant's prior felony convictions, however, triggered the sentence enhancement for career offenders, *id.* § 4B1.1, which automatically increased his guidelines range to 151 to 188 months.

Having calculated this advisory guidelines range, the district court weighed several of the sentencing factors listed in 18 U.S.C. § 3553(a). Beginning with the nature of the offense, the district court, though recognizing the seriousness of heroin dealing, acknowledged that the specific transaction for which defendant was arrested involved only a small quantity of drugs. The district court also considered defendant's lengthy criminal history, which it attributed to his drug addiction, saying:

> The most important parts of that history add up simply to the fact that the defendant has been involved in using drugs and in criminal activity that is in conjunction with that use, the heroin distribution trade and small—not insignificant but

> small thefts of various kinds, presumably to help support the habit.

Sentencing Tr. 29. The district court viewed this pattern of recidivism as relevant to one of the section 3553(a) sentencing factors, namely, the need to protect the public from further criminal activity. *See* § 3553(a)(2)(C). Next, in a colloquy central to the issue before us, the district court turned to "another factor under 3553(a)," stating:

> I do think that the defendant may benefit from some of the programs and educational training and the medical treatment that is available in the federal prison system, and that would actually be more available and more useful for the defendant over a somewhat longer period of time than it would over a very short period of time.

Sentencing Tr. 31–32. Before imposing the sentence, the district court reiterated the relevant factors, including "the need . . . to provide the defendant with needed educational or vocational training or other treatment in the correctional system in an effective manner." *Id.* at 32; *see* § 3553(a)(2)(D). While believing that a "substantial" sentence was called for, the district court reassured defendant that his sentence would allow "the prospect of release at some point in the future." Sentencing Tr. 33. In the end, the district court concluded that a below-guidelines sentence of 132 months was "sufficient but not greater than is necessary to comply with the purposes of sentencing as set out in the various factors in Section 3553(a)." *Id*. After recommending that defendant be admitted to the prison's "500-hour" drug treatment program, *id.* at 34, the district court encouraged him to take advantage of drug treatment and educational programs during his time in prison, *id.* at 37.

Defendant now appeals, arguing that the district court improperly treated imprisonment as a means of promoting rehabilitation and consequently imposed a longer prison term. Defendant also claims that he received ineffective assistance of counsel during plea negotiations. Accepting the government's concession that we should remand the latter claim for an evidentiary hearing under *United States v. Rashad*, 331 F.3d 908, 909–910 (D.C. Cir. 2003), we need address only the sentencing challenge.

## II.

Because defendant's trial counsel failed to object at sentencing, we review his sentencing claim for plain error. *United States v. Mouling*, 557 F.3d 658, 665 (D.C. Cir. 2009). Under this standard, defendant must show that the error occurred, that it was "plain," and that it affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). If these three elements are met, we may reverse only if we find that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and brackets omitted).

Defendant's sentencing challenge involves the interplay between two statutory provisions governing criminal sentencing, both of which refer to the role of rehabilitation. The first, section 3553, is the familiar provision governing all sentencing determinations. Entitled "[i]mposition of a sentence," it directs sentencing courts to "impose a sentence sufficient but not greater than necessary" to comply with four enumerated purposes of sentencing. § 3553(a). Subsections (a)(2)(A), (B), and (C) set forth the goals of providing just punishment, deterring further crime, and protecting the public. *Id.* And central to the issue before us, subsection (a)(2)(D), directs sentencing courts to consider the need for the sentence "to provide the defendant with needed educational or

vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(D).

Sentencing courts must also abide by the second provision at issue here, section 3582, which covers "[i]mposition of a sentence of imprisonment" and sets forth the "[f]actors to be considered in imposing a term of imprisonment," § 3582(a). It provides:

> The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

*Id.*

Relying on section 3582(a), defendant argues that a sentencing court errs if it imposes a longer term of imprisonment as a means of rehabilitating a defendant. According to defendant, the district court here did just that, as evidenced by its statement that defendant "may benefit from some of the programs and educational training and the medical treatment that is available in the federal prison system, and that would actually be more available and more useful for [him] over a somewhat longer period of time than it would over a very short period of time." Sentencing Tr. 31–32.

For its part, the government sees no error in the district court's approach. Although acknowledging that section 3582(a) bars a sentencing court from choosing a prison term over a non-incarceration sentence because of the rehabilitative

programs available in prison, the government insists that once the sentencing court makes the initial decision to imprison a defendant, it may then treat those same rehabilitative concerns as a reason to impose a *longer* term of imprisonment. According to the government, this interpretation of section 3582(a) avoids a conflict with section 3553(a)(2)(D), which requires sentencing courts to consider rehabilitation as a purpose of sentencing.

The issue before us—whether section 3582(a) allows a sentencing court to treat rehabilitation as a reason for lengthening a defendant's prison term—has divided our sister circuits. The Ninth has held that although section 3582(a) bars sentencing courts from choosing prison rather than a non-incarceration sentence to promote rehabilitation, it allows sentencing courts to select a longer prison term to promote rehabilitation. *See United States v. Duran*, 37 F.3d 557, 561 (9th Cir. 1994). The Eighth Circuit has also adopted this interpretation. *See United States v. Hawk Wing*, 433 F.3d 622, 629–30 (8th Cir. 2006); *see also United States v. Giddings*, 37 F.3d 1091, 1096–97 (5th Cir. 1994) (noting in a case involving revocation of supervised release under § 3583(g) that courts making an initial sentencing decision can impose a longer term of imprisonment for rehabilitation); *United States v. Jackson*, 70 F.3d 874, 879–80 & n.6, (6th Cir. 1995) (citing *Duran* in a revocation of supervised release case, although acknowledging that "it is difficult to see a distinction between the imposition of a sentence of imprisonment and the length of imprisonment"). By contrast, the Third Circuit has held that section 3582(a)'s bar on promoting rehabilitation through imprisonment applies to both decisions—whether to imprison a defendant at all and whether to impose a longer prison term. *United States v. Manzella*, 475 F.3d 152, 156–61 (3d Cir. 2007). The Second Circuit has reached the same result, though in an unpublished

opinion. *United States v. Yehuda*, 238 F. App'x 712, 713 (2d Cir. 2007) ("[R]ehabilitation . . . is not a permissible basis for increasing [defendant's] term of imprisonment."); *see also United States v. Tsosie*, 376 F.3d 1210, 1213–14 (10th Cir. 2004) (acknowledging that "the initial term of imprisonment is always limited by 18 U.S.C. § 3582(a)"); *United States v. Brown*, 224 F.3d 1237, 1242 (11th Cir. 2000) (noting that sentencing courts may not "extend the term of imprisonment . . . for the purpose of providing . . . rehabilitative treatment" (quoting *United States v. Harris*, 990 F.2d 594, 597 (11th Cir. 1993) (interpreting 28 U.S.C. § 994(k)))).

Given the plain language of sections 3553(a) and 3582(a), we agree with the Third and Second Circuits that sentencing courts may not treat rehabilitation as a reason for a longer term of imprisonment. Section 3582(a) expressly states that "the court . . . *in determining the length of the term [of imprisonment]*, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, *recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation*." § 3582(a) (emphasis added). Congress thus spoke clearly: in deciding how long to keep a defendant in prison, sentencing courts may not use imprisonment as a means of rehabilitation.

Section 3582(a)'s straightforward language leaves no room for the government's distinction between selecting prison rather than a non-prison sentence and imposing a longer term of imprisonment. As a textual matter, the government nowhere explains how the phrase "recognizing that imprisonment is not an appropriate means of promoting . . . rehabilitation" can modify section 3582(a)'s first clause ("in determining whether to impose a term of imprisonment") but not its second ("in determining the length of the term"). As a matter of logic, the government's position is likewise

untenable. If, as the government concedes, imprisonment is not an appropriate means of promoting rehabilitation, how can *more* imprisonment serve as an appropriate means of promoting rehabilitation? This case demonstrates the point nicely. Under the government's theory, the district court would err by choosing imprisonment rather than, say, probation to help defendant "benefit from some of the programs and educational training and the medical treatment that is available in the federal prison system," Sentencing Tr. 31, yet would commit no error by choosing to keep defendant in prison longer to benefit from those same programs that would be "more available and more useful for [him] over a somewhat longer period of time than . . . over a very short period of time," *id.* at 31–32.

Attempting to escape section 3582(a)'s clear language, the government urges us to follow the Ninth Circuit's reasoning, i.e., that if Congress had wanted to bar consideration of rehabilitation as a reason to increase a sentence it "could have enacted a statute that admonished judges to recognize 'that imprisonment *or the length of imprisonment* is not an appropriate means of promoting correction and rehabilitation.'" *Duran*, 37 F.3d at 561. But Congress had no need to provide such clarification given the statute's express instruction that sentencing courts must recognize the inappropriateness of imprisonment for rehabilitation both in choosing imprisonment rather than a non-incarceration sentence and "in determining the length of the term." § 3582(a). As the Third Circuit explained, "[t]he possibility that a clearly worded statute might be even more clearly worded does not negate the fact that it is already clear." *Manzella*, 475 F.3d at 160. Nor would the addition of the phrase "or the length of imprisonment" add anything that the term "imprisonment" on its own doesn't already convey. According to the dictionary, "imprisonment" means "[t]he

action of imprisoning, *or* [the] fact or condition of being imprisoned." OXFORD ENGLISH DICTIONARY (2d ed. 1989) (emphasis added). In context as well, "imprisonment" encompasses the decision to imprison a defendant for a longer period of time. A sentencing court deciding to keep a defendant locked up for an additional month is, as to that month, in fact choosing imprisonment over release. If the sentencing court adds the extra month to make a defendant eligible for a prison drug treatment or educational program, it fails to recognize that "imprisonment" is not an appropriate means of promoting rehabilitation. Indeed, the Ninth Circuit itself, although not expressly overruling *Duran*, later cited section 3582(a) in support of its holding that a sentencing court abused its discretion in ordering consecutive rather than concurrent sentences based on the defendant's need for mental health treatment. *United States v. Kikuyama*, 109 F.3d 536, 539 (9th Cir. 1997). In so doing, it even described section 3582(a) as standing for the proposition that "*in determining length of term of imprisonment*, court must 'recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation.'" *Id.* (emphasis added) (quoting § 3582(a)).

In a further effort to support its distinction between the decision to sentence a defendant to prison at all and the selection of a longer term, the government points to section 3582's legislative history. It highlights the following passage in the Senate Report:

> "[Section 3582(a)] specifies, in light of current knowledge, that the judge should recognize, in determining whether to impose a term of imprisonment, 'that imprisonment is not an appropriate means of promoting correction and rehabilitation.' This caution concerning the use of

> rehabilitation as a factor to be considered in imposing sentence is to discourage the employment of a term of imprisonment *on the sole ground* that a prison has a program that might be of benefit to the prisoner. This does not mean, of course, that *if a defendant is to be sentenced to imprisonment for other purposes*, the availability of rehabilitative programs should not be an appropriate consideration, for example, in recommending a particular facility."

Appellee's Br. 23–24 (quoting S. REP. NO. 98-225, at 119 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3302) (emphasis added by Appellee). Even if legislative history could override the statute's plain text—which of course it cannot—this excerpt provides no support for the government's position. That sentencing courts may consider rehabilitation in recommending a particular facility hardly suggests that they may keep a defendant in that or any other prison facility for a longer period of time for rehabilitative purposes.

The government's warning against creating a conflict between sections 3553(a) and 3582(a) fares no better. Our reading of section 3582(a) respects its plain text and gives effect to each of its clauses, while allowing section 3582(a) and section 3553(a) to play their unique roles in the statutory scheme. We thus agree with the Third Circuit that section 3582 has a narrower scope than section 3553: the former deals specifically with *imprisonment*, while the latter addresses imposition of a *sentence*, a broader concept that encompasses imprisonment as well as probation and fines. *See Manzella*, 475 F.3d at 158; *see also* § 3553(a)(3) (instructing sentencing courts to consider "the kinds of sentences available"); 18 U.S.C. § 3551 (listing as "[a]uthorized sentences" probation, fines, and imprisonment). Together, sections 3582(a) and

3553(a) instruct sentencing courts to consider rehabilitation as one of the purposes of *sentencing* but bars them from seeking to achieve rehabilitation through *imprisonment*. *See Manzella*, 475 F.3d at 158; *see also United States v. Maier*, 975 F.2d 944, 946–47 (2d Cir. 1992) (explaining the difference between "sentence" under § 3553(a) and "imprisonment" under § 994(k), which provides that the sentencing guidelines must "reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant"); S. REP. NO. 98-225, at 76–77 (explaining that the committee had rejected the view that rehabilitation should be eliminated completely as a purpose of sentencing, but that it "[i]nstead . . . retained rehabilitation and corrections as an appropriate purpose of a sentence, while recognizing . . . that 'imprisonment is not an appropriate means of promoting correction and rehabilitation,'" and noting that "the purpose of rehabilitation is still important in determining whether a sanction other than a term of imprisonment is appropriate in a particular case" (footnotes omitted)). Thus, far from creating the conflict the government fears, these provisions harmonize comfortably with each other in a rational scheme that retains the sentencing goal of rehabilitation but pursues this goal through means other than incarcerating a defendant or keeping him in prison longer.

Here, the district court stated that the defendant would benefit from prison rehabilitation programs over a "somewhat longer period of time," indicating that it viewed rehabilitation as a reason to lengthen a term of imprisonment. The court thus failed to "recognize[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation," § 3582(a). Of course, nothing in section 3582(a) prohibits sentencing courts from considering rehabilitative needs for other reasons, such as in selecting a

*shorter* term of imprisonment or in imposing a non-incarceration sentence. Such decisions would fully comply with the statutory command to "recognize[e] that imprisonment is not an appropriate means of promoting rehabilitation," § 3582(a).

This brings us, then, to the plain error test's second element: whether the error was "plain." Generally an error is plain if it contradicts circuit or Supreme Court precedent. Even absent binding case law, however, an error can be plain if it violates an "absolutely clear" legal norm, "for example, because of the clarity of a statutory provision." *United States v. Merlos*, 8 F.3d 48, 51 (D.C. Cir. 1993). This is just such a case. As explained above, section 3582(a) speaks with absolute clarity on this point. *See supra* at 8–9; *cf. Olano*, 507 U.S. at 734 ("plain" is synonymous with "clear" or "obvious").

In the government's view, the circuit split on this issue necessarily means that the error could not have been plain. We disagree. To be sure, as our dissenting colleague points out, *see* Dissenting Op. at 3–4, we have recognized that a division of authority on a given point may provide cause to question the plainness of an error, but we did so in cases lacking the kind of clear statutory language at issue here. *See, e.g.*, *United States v. Baldwin*, 563 F.3d 490, 491–92 (D.C. Cir. 2009) (involving the question whether a district court may "delegate[] its authority to determine [defendant's] restitution obligations"); *United States v. Andrews*, 532 F.3d 900, 908–909 (D.C. Cir. 2008) (involving the question whether a district court's use of a later version of the sentencing guidelines violated the ex post facto clause); *United States v. Sullivan*, 451 F.3d 884, 895–96 (D.C. Cir. 2006) (involving the question whether a court-imposed ban on internet use as a condition of supervised release fits the broad

statutory goals enumerated in § 3583).  Moreover, we have not hesitated to deem an error involving clear language plain, even when another circuit considered the provision ambiguous enough to defeat a finding of plain error.  *United States v. Joaquin*, 326 F.3d 1287, 1292–93 (D.C. Cir. 2003).

Moving on to the plain error test's third inquiry, we ask whether the error affected the defendant's "substantial rights." To show an impact on "substantial rights" in the sentencing context, the defendant "'must show a reasonable likelihood that the sentencing court's obvious errors affected his sentence.'" *Olano*, 507 U.S. at 734 (quoting *United States v. Saro*, 24 F.3d 283, 288 (D.C. Cir. 1994)).  As we have held, the reasonable likelihood standard "is somewhat more relaxed in the area of sentencing than it is for trial errors, since 'a resentencing is nowhere near as costly or as chancy an event as a trial.'"  *United States v. Gomez*, 431 F.3d 818, 822 (D.C. Cir. 2005) (quoting *Saro*, 24 F.3d at 288).

Given this standard, we conclude that defendant has shown a reasonable likelihood that his sentence would have been shorter had the district court properly viewed imprisonment as inappropriate for promoting rehabilitation. The district court expressly stated that it believed that defendant would benefit from the prison system's rehabilitative programs over a "somewhat longer period of time."  Sentencing Tr. 31–32.  Even absent such an express link to sentence duration, we have found direct invocation of an impermissible sentencing factor to establish a reasonable likelihood of prejudice.  *See Joaquin*, 326 F.3d at 1293–94 (holding that the district court's specific reference to the impermissible factor of defendant's prior arrest record before concluding that defendant posed a risk of recidivism was sufficient to establish prejudice).

The government argues that even absent error, defendant was unlikely to have received a "very short" sentence. This misses the point. The question isn't whether defendant's prison term would have been drastically shorter—just whether it was reasonably likely that the prison term would not have been as long had the district court considered only permissible factors. To be sure, as the government and our dissenting colleague emphasize, *see* Dissenting Op. at 4, the district court considered factors other than rehabilitation, such as the seriousness of the offense and defendant's criminal history and pattern of recidivism. But the court's invocation of these factors hardly negates its express reliance on prison rehabilitation programs, especially given its repeated references to defendant's drug problems and its view that defendant's criminal history stemmed largely from his drug addiction.

Having determined that defendant has demonstrated error that was plain and that affected his substantial rights, we must finally decide whether the error seriously affects the fairness, integrity or public reputation of judicial proceedings such that we should exercise our discretion to correct it. *Olano*, 507 U.S. at 732. We have repeatedly opted to correct plain sentencing errors that, if left uncorrected, would result in a defendant serving a longer sentence. *See, e.g.*, *United States v. Watson*, 476 F.3d 1020, 1024 (D.C. Cir. 2007) ("[L]eaving in place an error-infected sentence that would have been materially different absent error and that could be readily corrected would seriously affect the fairness, integrity, and public reputation of judicial proceedings." (alteration in original) (internal quotation marks omitted)). The same is true here. We cannot say that keeping defendant in prison longer for improper reasons would leave the fairness, integrity, and public reputation of judicial proceedings unscathed. *See United States v. Coles*, 403 F.3d 764, 767

(D.C. Cir. 2005) ("We are also convinced that, if the District Court's error was prejudicial, the error would 'seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings.' As the Seventh Circuit aptly observed, '[i]t is a miscarriage of justice to give a person an illegal sentence that increases his punishment, just as it is to convict an innocent person.'" (quoting *United States v. Paladino*, 401 F.3d 471, 483 (7th Cir. 2005)). Given the facts of this case, we see no "countervailing factors," *Puckett v. United States*, 129 S. Ct. 1423, 1433 (2009), to suggest that we should decline to exercise our discretion to correct the sentencing error.

According to the government, "the remote possibility that appellant may serve a slightly longer sentence in order to help him overcome his drug dependency is hardly the kind of 'error' that impugns the judicial process, given that addiction has been the primary cause of appellant's criminal behavior." Appellee's Br. at 30. This argument amounts to nothing more than a disagreement with Congress's determination that sentencing courts may not attempt to rehabilitate a defendant through imprisonment. Indeed, seeking to meet a defendant's rehabilitative needs in a way that Congress has deemed inappropriate, *see* § 3582(a), represents exactly the kind of error that impugns the judicial process. *Cf. Joaquin*, 326 F.3d at 1294 (reversing a sentence under plain error review because "reliance on information expressly deemed unreliable by the Sentencing Commission seriously affects the fairness and integrity of judicial proceedings").

Because this case meets the standard for plain error, we vacate defendant's sentence and remand for further proceedings consistent with this opinion. In doing so, we emphasize that this disposition in no way requires the district court to shorten the sentence on remand. Rather, the district court remains free to resentence the defendant appropriately,

either by reimposing the same sentence based solely on permissible factors or by resentencing if in fact it did lengthen the sentence to promote rehabilitation.

*So ordered.*

KAREN LECRAFT HENDERSON, *Circuit Judge*, concurring in part and dissenting in part:

Although I agree with my colleagues that we should remand the defendant's Sixth Amendment claim for an evidentiary hearing, I do not agree with the majority's conclusion that his sentence should be vacated and remanded for resentencing. For the following reasons, I would affirm the sentence.

In reviewing a sentence for plain error, we have held that "[p]lain error exists 'where (1) there is error (2) that is plain and (3) that affects substantial rights and (4) the court of appeals finds that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Brown*, 516 F.3d 1047, 1052 (D.C. Cir. 2008) (quoting *United States v. Andrews*, 479 F.3d 894, 896 (D.C. Cir. 2007) (internal quotations omitted)). The defendant alleges that the district court sentenced him to a longer term of imprisonment in order to promote his rehabilitation and argues that doing so constituted plain error. At sentencing, the district court stated that the defendant's offense was "a serious drug crime contributing to the blight on the community from drugs." Sentencing Tr., *In re Sealed Case*, Cr. No. 07-0015, at 27 (D.D.C. Apr. 16, 2008) (Sentencing Tr.). The court characterized the defendant's criminal history as "lengthy," *id.* at 28, and noted his "trend" of "coming out of some criminal justice context, whether it be incarceration or supervision . . . , and *still* engaging in criminal activity . . . . [including] incarcerat[ion] for violations of his conditions of [supervised] release," *id.* at 30 (emphasis added). The court also found relevant the defendant's age of 58 years. *Id.* at 29. The defendant's lengthy and recidivist history "l[ed] the Court to observe, consistent with one of the factors under 3553(a), that there is a need to protect the public from further criminal activity." *Id.* at 30. At the close of its discussion of the factors it deemed relevant to selecting a sentence, the court stated:

> Now, with respect to another factor under 3553(a), I do think that the defendant may benefit from some of the

> programs and educational training and the medical treatment that is available in the federal prison system, and that would actually be more available and more useful for the defendant over a somewhat longer period of time than it would over a very short period of time.

*Id.* at 31-32; *see* 18 U.S.C. § 3553(a)(2)(D). The court then announced the sentencing guidelines range as 151 to 188 months. Sentencing Tr. at 32. It iterated:

> Again, I have assessed this based on all the factors under Section 3553(a), including in particular those in 3553(a)(2)(A), which are the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, to afford adequate deterrence both to the defendant and others, and to protect the public from further crimes of the defendant and to provide the defendant with needed educational or vocational training or other treatment in the correctional system in an effective manner, all of which is, when considered by the Court, designed to result in a sentence that is sufficient but not greater than necessary.

*Id.* at 32-33. "[T]aking all of that into account," the court concluded that "a sentence less than the guideline range is warranted." *Id.* at 33. Nevertheless, the court decided a "substantial" sentence was appropriate and sentenced the defendant to 132 months' imprisonment and 36 months' supervised release. *Id.* at 33-34. The court also "recommend[ed] that [the defendant] be admitted to the Bureau of Prisons' residential drug abuse treatment program, what is called the 500-hour program while incarcerated." *Id.* at 34.

First and foremost, the court did not err, plainly or otherwise, because it did not in fact sentence the defendant to a longer term of imprisonment in order to promote rehabilitation.

As noted, the court focused on the defendant's lengthy criminal history and recidivist tendencies even after periods of incarceration. It mentioned rehabilitation briefly at the close of a more lengthy discussion of the other factors under 18 U.S.C. § 3553(a)(1) and (2). And even with the defendant's recidivism, the court imposed a sentence well *below* the guidelines range. Its emphasis nonetheless remained on the need for imprisonment to protect the public from a career offender.[1] *Cf. United States v. Manzella*, 475 F.3d 152 (3d Cir. 2007) (vacating sentence of 30 months' imprisonment—well above sentencing guidelines range of 2 to 8 months—sentencing court had imposed solely to allow defendant to participate in prison drug treatment program).

Second, assuming the district court in fact sentenced the defendant to a longer term of imprisonment in order, in part, to promote his rehabilitation, *but see* Majority Op. at 16-17, and assuming further that the court did so erroneously, that error would not be plain. Plain error requires that the error be "'clear' or, equivalently, 'obvious.'" *United States v. Olano*, 507 U.S. 725, 734 (1993). Whether the limitation contained in the last clause of section 3582(a) applies both to the decision to impose imprisonment as well as the length thereof or only to the decision to imprison has, as the majority discusses, split the circuits. *See* Majority Op. at 7-8. Whoever has the better reading, courts have read it differently—and with conflicting results—which manifests, at least to me, that any court that has read it erroneously has not done so *plainly*. *See United States v. Baldwin*, 563 F.3d 490, 492 (D.C. Cir. 2009) (relying on circuit split in finding no plain error); *Andrews*, 532 F.3d at 909 (same);

---

[1]The court noted that "there's little in the way of a showing that the defendant wants or is able to conform his conduct to the law in the future" and "the defendant has not shown any ability to conform his conduct to the law now or even after some relatively short period of incarceration." Sentencing Tr. at 31.

*United States v. Sullivan*, 451 F.3d 884, 895-96 (D.C. Cir. 2006) (same).

Moreover, even assuming error that is plain, the defendant has failed to "demonstrate 'a reasonable likelihood that the sentencing court's obvious errors affected his sentence.'" *United States v. Williams*, 358 F.3d 956, 966 (D.C. Cir. 2004) (quoting *United States v. Saro*, 24 F.3d 283, 288 (D.C. Cir. 1994)).  In view of the district court's emphasis on the defendant's decades-long inability to refrain from criminal activity unless incarcerated, the length of the sentence was unaffected by any desire to accord the defendant one more chance at rehabilitation.  In short, I believe the court would have imposed the same sentence irrespective of any rehabilitation impulse and therefore the defendant was not prejudiced. Because the defendant has not satisfied the first three prongs of plain error review, I need not reach whether "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Andrews*, 479 F.3d at 896 (internal quotations omitted)); *see United States v. Mouling*, 557 F.3d 658, 664 (D.C. Cir. 2009) (no need to reach fourth prong of plain error test because error was not plain).

Accordingly, I respectfully dissent from the vacatur and remand of the defendant's sentence.