# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2011

No. 10-60610

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

WILLIAM C. BRELAND, JR.,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before DAVIS, PRADO, and OWEN, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

The question presented in this appeal is whether a district court may consider a defendant's rehabilitative needs when revoking the defendant's supervised release and requiring him to serve the remainder of his sentence in prison. The district court sentenced the defendant, William C. Breland Jr., to thirty-five months of imprisonment upon revocation of his supervised release. On appeal, Breland challenges the procedural reasonableness of that sentence, arguing that the district court imposed it for the sole purpose of qualifying him for the Bureau of Prison's ("BOP") 500-hour drug-treatment program. He also challenges the substantive reasonableness of the sentence. Because the plain language and operation of 18 U.S.C. § 3583(e) and (g), which governs post-

No. 10-60610

revocation sentencing, permits the consideration of rehabilitative needs, and because Breland's sentence is not otherwise unreasonable, we affirm.

## I.  BACKGROUND

In October 2008, a jury convicted Breland of two counts of making false or fraudulent claims (18 U.S.C. § 287), one count of making false statements (18 U.S.C. § 1001), one count of theft of government funds (18 U.S.C. § 641), and three counts of mail fraud (18 U.S.C. § 1341)—all related to his fraudulent application to the Federal Emergency Management Agency for disaster-relief benefits following Hurricane Katrina.  On each count, the district court sentenced Breland to twenty-four months of imprisonment and three years of supervised release, with the sentence for each count to be served concurrently. The district court also ordered Breland to pay $29,619.99 in restitution.  We affirmed this judgment on appeal.  *See United States v. Breland*, 366 F. App'x 548 (5th Cir. 2010) (per curiam) (unpublished).

Breland began serving his term of supervised release on February 12, 2010.  On February 17, he tested positive for marijuana and entered a month-long inpatient drug-treatment program.  On May 18, Probation Officer Kurt Raymond, who was assigned to Breland, petitioned the district court to revoke Breland's supervised release. The petition charged Breland with four violations of the conditions of his supervision: (1) failing to submit a timely supervision report for the month of April 2010; (2) moving from his last known address without notifying his probation officer; (3) failing to attend drug-treatment sessions and three drug tests; and (4) failing to pay restitution.

The district court held a revocation hearing on July 7.  Breland did not contest the allegations in the petition, but asked for an evidentiary hearing for

No. 10-60610

record purposes.  The Government called Raymond as a witness.  Raymond testified about the facts underlying the violations charged in the petition, including Breland's drug history, his positive test for marijuana, and his failure to abide by the drug-treatment and drug-testing conditions of his supervision.  Based on these facts, Raymond recommended a sentence of five months of imprisonment on each count of conviction, with each sentence to be served *consecutively*, for a total of thirty-five months of imprisonment.  Raymond testified that one of the reasons for his recommendation was that a thirty-five-month sentence would qualify Breland for the BOP's 500-hour drug-treatment program, which required at least thirty months in custody.

The district court revoked Breland's supervised release.  The court did not specify whether the revocation was discretionary under 18 U.S.C. § 3583(e) or mandatory under 18 U.S.C. § 3583(g).  Under the advisory policy statements in Chapter 7 of the Sentencing Guidelines, Breland's violations were Grade C violations.  *See* U.S.S.G. § 7B1.1(a)(3).  Because Breland's criminal-history category was IV, his advisory sentencing range was six to twelve months of imprisonment on each count of conviction.  *See* U.S.S.G. § 7B1.4(a).  The district court, in conformity with Raymond's recommendation, sentenced Breland to thirty-five months of imprisonment and three years of supervised release, and recommended that he be placed in the 500-hour drug-treatment program.  Before doing so, the court confirmed with Raymond that Breland would be eligible for the program.  In pronouncing the sentence, the court stated that it had considered the factors enumerated in 18 U.S.C. § 3553(a) and the advisory policy statements in the Sentencing Guidelines.

No. 10-60610

Breland appealed.  He argues on appeal that his revocation sentence is procedurally and substantively unreasonable.

## II.  STANDARD OF REVIEW

We will affirm a sentence of imprisonment imposed upon revocation of supervised release unless it is "unreasonable" or "plainly unreasonable."  *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010) (citation omitted).  We have not yet decided which of the above standards of review apply in the wake of *Booker*,[1] *see id.* at 647 n.5 (citations omitted), and we decline to do so today because Breland's sentence passes muster under either standard.

## III.  ANALYSIS

### A.    Procedural Reasonableness

Section 3553(a) requires a district court to consider certain factors in imposing a criminal sentence.  *See* 18 U.S.C. § 3553(a).  Relevant to this case, § 3553(a)(2)(D) requires the court to consider whether the sentence "provide[s] the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  Breland contends, however, that 18 U.S.C. § 3582(a) precludes a district court at post-revocation sentencing from considering rehabilitative goals in determining whether to impose a sentence of imprisonment.  Section 3582(a) directs that a sentencing court,

> in determining whether to impose a term of imprisonment, and, if
> a term of imprisonment is to be imposed, in determining the length
> of the term, shall consider the factors set forth in section 3553(a) to
> the extent that they are applicable, *recognizing that imprisonment*

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

No. 10-60610

*is not an appropriate means of promoting correction and rehabilitation.*

(emphasis added). This past term, the Supreme Court settled a long-running dispute in the courts of appeals over the interpretation of this provision by holding that "Section 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011). Breland asserts that the district court in this case violated § 3582(a)'s proscription by imposing a sentence of imprisonment upon revocation for the sole purpose of qualifying Breland for the 500-hour drug-treatment program.

As a preliminary matter, the Government argues that the district court considered more than just Breland's rehabilitative needs in imposing the thirty-five-month sentence. Although we agree,[2] this argument is beside the point. It is clear from Breland's briefs that his argument on appeal is not that the district court failed to consider all of the factors in § 3553(a), but that it relied on a factor in § 3553(a) that is precluded by § 3582(a). Neither party disputes that the district court relied (at least in part) on Breland's need for drug rehabilitation in imposing the thirty-five-month sentence, and thus the question before us today is whether it was unreasonable for the district court to do so at post-revocation sentencing.

---

[2] In pronouncing the sentence, the district court expressly stated that it had considered the factors set forth in § 3553(a). *Cf. United States v. Gonzalez*, 250 F.3d 923, 929–30 (5th Cir. 2001) (holding, in the revocation context, that "[i]mplicit consideration of the § 3553 factors is sufficient") (citations omitted). Moreover, Raymond testified at the revocation hearing that his recommended sentence, which doubtless served as the basis for the imposed sentence, was designed not only to provide for Breland's rehabilitative needs, but also to deter future violations of supervised release.

5

No. 10-60610

This Court has addressed this question once before. In *United States v. Giddings*, 37 F.3d 1091 (5th Cir. 1994), a panel of this Court heard an appeal from a sentence of imprisonment that was imposed following mandatory revocation of supervised release pursuant to a prior version of § 3583(g). Based upon its examination of the relevant statutory provisions, the panel held that notwithstanding the language contained in § 3582(a), a district court is permitted to consider the rehabilitative factors contained in § 3553(a)(2)(D) when determining the length of the term of imprisonment imposed upon mandatory revocation. *Id.* at 1097. Although the Court expressly declined to address whether the same would be true under § 3583(e) (the discretionary-revocation provision), *id.* at 1095, the reasoning in its opinion remains highly instructive.[3]

In particular, the Court recognized a pivotal textual distinction between the statute that governs the imposition of a term of imprisonment—§ 3582 (on which Breland relies)—and the statute that governs the imposition, revocation, and conversion into prison time of a term of supervised release—§ 3583. *See id.* at 1094–95. While § 3582(a) contains a clause that expressly forbids sentencing courts from considering a defendant's rehabilitative needs at initial sentencing, *see Tapia*, 131 S. Ct. at 2388–90, § 3583 contains no such language. Rather,

---

[3] The holding in *Giddings* covers only the determination of the length of the term of imprisonment, not the decision of whether to impose a term of imprisonment following revocation in the first place. *See id.* This is because the version of § 3583(g) that was in effect at the time required the imposition of a minimum term of imprisonment following mandatory revocation. *See, e.g.*, *United States v. Jackson*, 70 F.3d 874, 880 (6th Cir. 1995) (recognizing that *Giddings* was based on an earlier version of § 3583(g) and that Congress had since amended the statute to no longer mandate a minimum term of imprisonment). Because the question of whether to impose a term of imprisonment was "dictated by statute," the *Giddings* Court declined to decide whether a district court may consider rehabilitative needs in answering that question. *Giddings*, 37 F.3d at 1095.

§ 3583(c) specifically *requires* a district court to consider the rehabilitative factors set forth in § 3553(a)(2)(D) "in determining whether to include a term of supervised release [at an initial sentencing], and, if a term of supervised release is to be included, in determining the length of the term and the conditions of supervised release." 18 U.S.C. § 3583(c). Likewise, § 3583(e)(3), which governs discretionary revocation, also expressly *requires* a district court to consider the § 3553(a)(2)(D) factors when deciding whether to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the [underlying] offense." 18 U.S.C. § 3583(e)(3). In addition, while § 3583(g), which governs mandatory revocation, does not expressly require consideration of the § 3553(a)(2)(D) factors, it does not prohibit the district court from doing so either. Moreover, it defines the "maximum term of imprisonment" that may be imposed upon mandatory revocation by reference to the term that is authorized by § 3583(e)(3). *See* 18 U.S.C. § 3583(g).

After noting these distinctions, the *Giddings* Court cited with approval to the Second Circuit's decision in *United States v. Anderson*, 15 F.3d 278 (2d Cir. 1994), which relied on the plain language and operation of § 3583(c) and (e) to hold that § 3582(a) does not apply to post-revocation sentencings. *Giddings*, 37 F.3d at 1095 (citing *Anderson*, 15 F.3d at 282). The Court also quoted from the key passage in *Anderson*:

> Far from explicitly contemplating the applicability of 18 U.S.C. § 3582 . . . , 18 U.S.C. § 3583 appears to contemplate that the limitations will not apply and that such factors as the medical and correctional needs of the defendant may be considered by a district court. Upon revocation a district court may "require the person to serve in prison all or part of the term of supervised release without

credit for time previously served on postrelease supervision." Thus, the statute contemplates that a district court may require a person to serve time in prison equal to the length of the term of supervised release. In determining the length of a period of supervised release, it will be recalled, a district court may consider such factors and the medical and correctional needs of the offender. Because those factors may be considered in determining the length of a period of supervised release and because a district court may require a person to serve in prison the period of supervised release, the statute contemplates that the medical and correctional needs of the offender will bear on the length of time an offender serves in prison following revocation of supervised release. We conclude, therefore, that a court may consider an offender's medical and correctional needs when requiring that offender to serve time in prison upon the revocation of supervised release.

*Id.* at 1095 n.15 (quoting *Anderson*, 15 F.3d at 282) (citations and footnotes omitted in *Anderson*); *see also id.* at 1095 ("The *Anderson* majority reasoned that because the defendant's need for rehabilitation or medical care must be considered in fashioning the initial term of supervised release, *a fortiori* these factors may also be considered in fashioning a sentence upon revocation of supervised release."). The *Giddings* Court then applied this reasoning to the mandatory-revocation context and determined that, in light of the structure, operation, and purposes of § 3583 as explained in *Anderson*, there was no justification for interpreting the earlier version of § 3583(g) differently from § 3583(c) and (e). *See id.* at 1096. The Court concluded:

When revoking supervised release the district judge is not resentencing the defendant. The type and the term of the sentence has already been determined by the sentencing judge. The supervising district judge is bound by the sentence previously imposed, and at revocation is merely converting all or a portion of the supervised release period into a term of imprisonment. Given the limited discretion available to the supervising district judge, and

No. 10-60610

the fact that the sentencing range is fixed by statute, consideration of the § 3553(a) factors may be appropriate to fashion a sentence conforming to the purpose and intent of the original sentence, and that is within the boundaries established by the sentencing judge.

*Id.* at 1096.

This logic remains compelling today, and it comports with the structure and language of the relevant statutory provisions. Further, all of our sister circuits that have addressed this issue have uniformly held that § 3582(a)'s limitation does not apply to post-revocation sentencings under § 3583(e) or (g). *See United States v. Doe*, 617 F.3d 766, 771–74 (3d Cir. 2010); *United States v. Tsosie*, 376 F.3d 1210, 1214–17 (10th Cir. 2004); *United States v. Brown*, 224 F.3d 1237, 1241–42 (11th Cir. 2000); *United States v. Jackson*, 70 F.3d 874, 879–81 (6th Cir. 1995); *see also United States v. Thornell*, 128 F.3d 687, 688–89 (8th Cir. 1997) (holding, without citing to § 3582(a), that a district court may consider § 3553(a)(2)(D) when fashioning a post-revocation sentence).[4]

Lastly, we note that in its recent decision in *Tapia*, the Supreme Court justified its interpretation of § 3582(a) by highlighting "the absence of any provision [in § 3582(a)] granting courts the power to ensure that offenders participate in prison rehabilitation programs." 131 S. Ct. at 2390. The Court then compared that "statutory silence" to several other provisions in the Sentencing Reform Act of 1984 ("SRA") where there was no such silence. *Id.* Relevant to this case, the Court specifically pointed to § 3583(c) as one such

---

[4] *But see United States v. Yehuda*, 238 F. App'x 712, 713 (2d Cir. 2007) (unpublished) (vacating a post-revocation sentence in part because the stated reason for the sentence was to qualify the defendant for an in-prison drug-treatment program). We agree with the Third Circuit that because *Yehuda* contains almost no analysis and does not cite to its own contrary prior circuit precedent in *Anderson*, it has no persuasive weight. *See Doe*, 617 F.3d at 773 n.8 (remarking that the *Yehuda* holding is of questionable value).

provision where Congress clearly "wanted sentencing courts to take account of rehabilitative needs." *Id.*

Therefore, given the plain language of the statute, the uniformity in the circuits, and the above discussion in *Tapia*, we see no reason why we should abandon the reasoning and holding in *Giddings* in either the mandatory- or discretionary-revocation contexts.[5]

Alternatively, Breland argues that the district court lacked sufficiently reliable information about the 500-hour drug-treatment program when it imposed the sentence, rendering the sentence procedurally unreasonable. He concedes, however, that he failed to object in the district court on this ground and that this argument is thus subject to plain-error review. *United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005). "This Court finds plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *Id.* at 358–59 (citing *United States v. Olano*, 507 U.S. 725, 732–37 (1993)).

At the revocation hearing, the district court advised Breland that the BOP's 500-hour drug-treatment program would be available to him, and the record clearly shows that the court determined whether the program would be

---

[5] In *Giddings*, the Court implied—in dicta—that § 3582(a) allows a court to lengthen, but not impose, a prison term based on the need for rehabilitation. *See* 37 F.3d at 1094, 1096. Breland argues on appeal that the distinction between the decision to impose a term of imprisonment in the first place and the determination of the length of that term should also apply to post-revocation sentencing under § 3583. In *Tapia*, however, the Supreme Court found that there was no such distinction for purposes of § 3582(a). *See* 131 S. Ct. at 2391 ("Section § 3582(a) precludes sentencing courts from *imposing or lengthening* a prison term to promote an offender's rehabilitation." (emphasis added)). Breland has presented no other argument for why we should recognize such a distinction for purposes of supervised release, and there is no basis for one in the text of § 3583. Thus, we reject his argument.

available to Breland based on Raymond's discussions with Bureau of Prison personnel, which occurred within two weeks prior to the hearing. Breland characterizes this basis as insufficiently reliable, but he does not specify any legal authority in support of his argument. Moreover, we have previously upheld a post-revocation sentence that included the same recommendation in the revocation order. *See United States v. Pena*, 125 F.3d 285 (5th Cir. 1997). Therefore, we find that Breland has failed to show that the district court committed a significant procedural error.

## B.    Substantive Reasonableness

Having determined that Breland's revocation sentence was procedurally reasonable, we turn next to his contention that his sentence was substantively unreasonable. The parties do not dispute that Breland's statutory maximum sentence on revocation was two years for each count of conviction, *see* 18 U.S.C. § 3583(b) and (e), and that the advisory Guidelines sentence was six to twelve months for each count of conviction. *See* U.S.S.G. § 7B1.4(a). As Breland received a sentence of five months of imprisonment for each count of conviction, his sentence was below the recommended range. A below-Guidelines sentence is presumptively reasonable. *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).

Breland characterizes the imposed sentence as a thirty-five-month term of imprisonment that exceeds the recommended Guidelines range. We have held that when the policy statements in the Guidelines are silent as to the decision of whether to run multiple sentences concurrently or consecutively, the district court has statutory discretion to make the decision. *United States v. Gonzalez*, 250 F.3d 923, 929 n.8 (5th Cir. 2001); *see also* 18 U.S.C. § 3584(a) (authorizing

No. 10-60610

a district court to impose multiple terms of imprisonment concurrently or consecutively). In addition, we have specifically held that a sentencing court has the authority to impose *consecutive* sentences upon revocation of *concurrent* terms of supervised release. *See Gonzalez*, 250 F.3d at 929. Therefore, the district court in this case acted within its discretion.

Because Breland has failed to present any other argument for why his sentence is substantively unreasonable, we find that he has not overcome the presumption that his below-Guidelines sentence was reasonable.

## IV.  CONCLUSION

We conclude that, under § 3583, a sentencing court may consider a defendant's need for drug rehabilitation when revoking a term of supervised release and converting it into prison time. We also conclude that the sentence imposed in this case is reasonable. Therefore, we affirm.

AFFIRMED.

12