**IN THE UNITED STATES COURT OF APPEALS**
    **FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 7, 2011

Lyle W. Cayce
Clerk

No. 11-10287
Summary Calendar

UNITED STATES OF AMERICA,

                        Plaintiff-Appellee

v.

FRANKLIN GARCIA,

                        Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-15-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Franklin Garcia appeals the 24-month sentence of imprisonment imposed following the revocation of a previously imposed term of supervised release. He argues that the district court erred by considering rehabilitation in determining his sentence. He also argues that the district court failed to explain why the sentence chosen was necessary to promote rehabilitation. The Government moves for summary affirmance, asserting that Garcia's arguments are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foreclosed.  In the alternative, the Government seeks an extension of time to file an appellate brief.

Garcia's first argument, that the district court erred by considering rehabilitation, is based on the Supreme Court's recent decision in *Tapia v. United States,* 131 S. Ct. 2382 (2011).  However, as the Government correctly points out, we have held that the limitations on the consideration of rehabilitation at issue in *Tapia* do not apply in a revocation proceeding.  *See United States v. Breland,* 647 F.3d 284, 287-90 (5th Cir. 2011).  Therefore, this argument is foreclosed.

However, because Garcia's appellate brief raises a second argument that is not foreclosed, the Government's motion for summary affirmance is denied.  As we see no need for further briefing, the Government's alternative motion for an extension of time to file an appellate brief is denied as unnecessary.

Although Garcia generally objected to the reasonableness of the sentence, we conclude that he failed to preserve his specific argument that the district court failed to adequately explain why the sentence imposed would promote rehabilitation.  *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).  Therefore, we review for plain error.  *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009).  However, we conclude that any error in failing to adequately explain the reasons for the sentence does not warrant relief under plain error review because Garcia cannot show prejudice.  *See United States v. Whitelaw*, 580 F.3d 256, 261-65 (5th Cir. 2009).

AFFIRMED; MOTIONS DENIED.