# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 20-3059**

**September Term, 2020**

FILED ON: JUNE 4, 2021

UNITED STATES OF AMERICA,
>           APPELLEE

v.

KEVIN JOHNSON,
>           APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:02-cr-00310)

---

Before: SRINIVASAN, *Chief Judge*, and PILLARD and RAO, *Circuit Judges*.

### J U D G M E N T

This appeal was considered on the record from the United States District Court and on the briefs and oral argument of the parties. The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the order of the district court be **VACATED** and that the case be **REMANDED** to the district court for further proceedings consistent with this judgment.

Appellant Kevin Johnson was convicted of federal drug and firearm possession crimes in 2002. He was sentenced to 322 months of imprisonment based on his classification as a career offender under the Sentencing Guidelines. In 2020, Johnson filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He contended that his release was warranted primarily because of the COVID-19 pandemic, his age (he was 59 years old at the time), and his medical conditions. Johnson also noted that he would have received a significantly shorter sentence had he been sentenced under this court's decision in *United States v. Winstead*, 890 F.3d 1082, 1090–91 (D.C. Cir. 2018), which held that inchoate drug crimes do not qualify as prior convictions for purposes of classifying a defendant as a career offender. The district court denied Johnson's motion.

1

18 U.S.C. § 3582(c)(1)(A) states, as relevant here, that a district court "may reduce the term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Before 2018, only the Director of the Bureau of Prisons could file motions for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). Accordingly, the relevant policy statement issued by the Sentencing Commission applied "[u]pon motion of the Director of the Bureau of Prisons." U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.13. But in 2018, Congress enacted the First Step Act, which, among other things, amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants themselves to file compassionate release motions. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Sentencing Commission has lacked a quorum since then, however, and has not updated the policy statement to reflect that defendants may now file compassionate release motions. *United States v. McCoy*, 981 F.3d 271, 282 & n.6 (4th Cir. 2020).

On appeal, Johnson contends that the district court erred by treating the Sentencing Commission's policy statement as binding on its determination of whether compassionate release was warranted. Johnson argues that the policy statement is not binding in the case of a defendant-initiated (as opposed to a Bureau-of-Prisons-initiated) motion for compassionate release. In that situation, Johnson submits, U.S.S.G. § 1B1.13, by its plain language, is not an "applicable policy statement" within the meaning of 18 U.S.C. § 3582(c)(1)(A). Johnson further contends that, because the district court erroneously assumed that the policy statement was binding, the court failed to consider and appropriately weigh whether the circumstances of Johnson's case presented "extraordinary and compelling reasons" warranting a sentence reduction.

While Johnson's appeal was pending, this court decided *United States v. Long*, --- F.3d ----, No. 20-3064, 2021 WL 1972245 (D.C. Cir. May 18, 2021). *Long* held that the district court in that case had committed plain error when it treated U.S.S.G. § 1B1.13 as binding in a defendant-initiated compassionate release motion. *Id.* at *14.

We have jurisdiction over Johnson's appeal. *Id.* at *3–5. We ordinarily review a district court's decision on a motion for compassionate release for abuse of discretion, but we review claims not raised before the district court for plain error. *Id.* at *6.

As an initial matter, the government contends that we should not address the merits of Johnson's claims because he invited the district court to apply the policy statement. We rejected the same argument in *Long*, and that holding governs us here. "[U]nder the invited error doctrine [ ] a party may not complain on appeal of errors that he himself invited or provoked the district court to commit." *United States v. Driscoll*, 984 F.3d 103, 112 (D.C. Cir. 2021) (internal quotation marks and citations omitted). But invited error must "involve[] intentional strategic gambit[s] designed to induce the trial court to take a desired action." *Long*, 2021 WL 1972245, at *7 (internal quotation marks omitted and second alteration in original). Here, Johnson did not invite the error he now alleges. He may have made a mistake by suggesting that his motion should be granted because he satisfied the policy statement's criteria. But Johnson "never affirmatively argued that the statement was applicable to defendant motions under the First Step Act nor urged the district court to apply it as controlling." *Id.*

Johnson did, however, forfeit the argument that the district court was not bound by the policy statement. While his motion obliquely referenced district court cases in which courts recognized that they were not bound by the policy statement, "[t]hose passing references . . . are not enough to raise [the] issue for our review." *United States v. Miller*, 799 F.3d 1097, 1108 (D.C. Cir. 2015) (alteration and internal quotation marks omitted). Because the argument was forfeited, we review it for plain error. *See* Fed. R. Crim. P. 52(b).

"Under plain error review, we may reverse only if (1) the district court committed error; (2) the error is plain; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Long*, 2021 WL 1972245, at *6 (internal quotation marks omitted). *Long* held that those four requirements were satisfied in a case that, like this one, involved a defendant-initiated motion for compassionate release. *Id.* at *14. *Long* points the way to our concluding that the four requirements are met here as well.

*First*, the district court erred in considering itself bound by the policy statement. In describing the applicable legal standard, the court referenced U.S.S.G. § 1B1.13 as "setting forth the Commission's policy statement." A. 124. And the court reasoned that, when determining whether Johnson had demonstrated "extraordinary and compelling reasons" warranting release, "[s]uch reasons include, at minimum, those circumstances defined in the Guidelines." *Id.* at 125 (citing U.S.S.G. § 1B1.13). Those statements indicate that the district court understood the policy statement to set out the type of circumstances that would qualify as "extraordinary and compelling reasons" warranting compassionate release. But as we held in *Long*, "if a compassionate release motion is not brought by the Director of the Bureau of Prisons, U.S.S.G. § 1B1.13, by its own terms, is not applicable." 2021 WL 1972245, at *9.

*Second*, the error was plain. "Generally an error is plain if it contradicts circuit or Supreme Court precedent." *In re Sealed Case*, 573 F.3d 844, 851 (D.C. Cir. 2009). And we assess whether an error is plain as of "the time of appellate review." *Henderson v. United States*, 568 U.S. 266, 269 (2013). Because *Long* held that a district court plainly errs when it treats the policy statement as binding in connection with defendant-initiated motions, the second prong of the plain error framework is satisfied here as well. *See* 2021 WL 1972245, at *10–12.

*Third*, the error affected Johnson's substantial rights. In *Long*, we reasoned that, because "'the record [wa]s silent as to what the district court might have done had it considered the correct' factors, the district court's reliance on an incorrect Guidelines policy statement [wa]s 'suffic[ient] to show an effect on [Long's] substantial rights.'" 2021 WL 1972245, at *14 (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1347 (2016)). The same is true here: the district court considered itself bound by the policy statement, and "the record is silent as to what the district court might have done had it considered the correct" factors. *Molina-Martinez*, 136 S. Ct. at 1347.

In addition, Johnson identifies a further reason to conclude that the error affected his substantial rights. Because one of Johnson's past crimes that led to his treatment as a career offender at his initial sentencing was an inchoate drug offense, he would not have been considered

3

a career offender had he been sentenced under *Winstead*, 890 F.3d at 1090–91: had the sentencing judge read U.S.S.G. § 4B1.1 as we did in *Winstead*, Johnson would have been subject to a recommended sentence of less than half of that applied by the district court. And because intervening judicial interpretations of statutes or Guidelines are not listed in the policy statement as criteria that can justify the grant of compassionate release, *see* U.S.S.G. § 1B1.13, the district court's treatment of the policy statement as binding precluded the court from considering the effect of *Winstead* on Johnson's motion. While the implications of Johnson's argument based on *Winstead* for his motion for compassionate release are for the district court to consider in the first instance, the availability of that argument in the circumstances of this case bolsters our conclusion that the treatment of the policy statement as binding affected Johnson's substantial rights.

*Fourth*, the district court's mistaken treatment of the policy statement as binding seriously affects the fairness, integrity, or public reputation of judicial proceedings. The Supreme Court has explained that the "risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain Guidelines error because of the role the district court plays" in sentencing "and the relative ease of correcting the error." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018). Invoking that rationale, *Long* held that the fourth plain-error factor was satisfied when the district court's erroneous treatment of the policy statement as binding led the court to forgo considering whether the particular circumstances raised by the defendant's motion justified a sentence reduction. 2021 WL 1972245, at *14. The same reasoning applies here.

On remand, the district court should assess whether Johnson has demonstrated "extraordinary and compelling reasons" warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), without treating U.S.S.G. § 1B1.13 as binding. The court thus may consider Johnson's argument based on *Winstead*, as well as other grounds that he contends justify a sentence reduction.

Pursuant to D.C. Circuit R. 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).

**<u>Per Curiam</u>**

          **FOR THE COURT:**
          Mark J. Langer, Clerk

BY:   /s/
        Daniel J. Reidy
        Deputy Clerk